FILED

2004 MAR -9  A 9: 43

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUCIANO PETROLITO, on behalf of
himself and all others similarly situated

        Plaintiff,

vs.

ARROW FINANCIAL SERVICES, LLC

        Defendant.

CIVIL ACTION NO.
3:02CV00484(JCH)(HBF)

MARCH 8, 2004

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO COMPEL PRODUCTION OF FEE AGREEMENTS**

Defendant, Arrow Financial Services LLC ("Defendant") submits this memorandum in support of its motion to compel Luciano Petrolito ("Plaintiff") to produce copies of his agreements with counsel, in response to a request for production served with the notice of plaintiff's deposition. Plaintiff objects to the production. The defendant's argument is more fully set forth below.

**I.      BACKGROUND**

This is a putative class action, and plaintiff's motion for class certification is pending before this court. Defendant opposes certification of any class, on numerous grounds, all of which are fully briefed in defendant's memoranda in opposition to class certification. Defendant asserts that plaintiff is not an adequate representative of the class, as one of the grounds to deny class certification. Defendant files herewith its

{N0715121}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

supplemental memorandum in opposition to class certification as permitted by the court, on the issue of whether plaintiff is an adequate representative.

On February 20, 2004, the defendant served plaintiff's counsel with a re-notice for plaintiff's deposition. The notice included a request for production of documents, a copy of which is attached hereto as <u>Exhibit 1</u>. The plaintiff filed an objection to the document requests, on March 2, 2004, a copy of which is attached hereto as <u>Exhibit 2</u>. Plaintiff appeared and testified at his deposition, but counsel refused to produce the agreements. The plaintiff's objection to production of copies of the agreements with counsel is without merit.

Plaintiff's agreements with counsel are relevant and material to the court's analysis of whether plaintiff is an adequate representative of the class, and defendant respectfully submits that the court should order disclosure of the documents.

## II. THE DISPUTED REQUEST

1. Copies of all fee agreements you have entered into concerning this case including, but not limited to, all fee agreements with Joanne Faulkner, Esq., David A. Searles, Esq., Donovan Searles, LLC, and James A. Francis, Esq., Francis & Mailman, P.C.

As indicated in the attached transcript of plaintiff's deposition testimony, Mr. Petrolito never saw a copy of the document request before defendant's counsel showed it to him at the deposition. Transcript at 6-8. Plaintiff testified that at least one such agreement exists:

{N0715121}  2

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

```
11      Q.  All right.  Do you have any written agreements
12      with Attorney Faulkner concerning her representation
13      of you in this case?
14      A.  Yes, I do.
15      Q.  All right.  Do you have one written agreement
16      or more than one?
17      A.  As far as I can recall Joanne Faulkner is only
18      it.
19      Q.  And you have a written agreement concerning
20      Attorney Faulkner's representation of you in this
21      case?
22      A.  Yes.
23      Q.  And do you have a copy of that agreement?
24      A.  No, I do not.
```

Transcript, at 9.

### III.    ARGUMENT

The Federal Rules of Civil Procedure permit broad discovery of "any matter, not privileged, which is relevant." Fed. R. Civ. P. 26(b)(1). "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. This rule is construed liberally. Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 104 (E.D.N.C. 1993).

The terms of the fee agreement(s) with counsel are relevant to the court's analysis of whether plaintiff is an adequate representative of the class. The provisions of the agreement(s) are likely to address plaintiff's responsibility for payment of the costs of this action, and the process by which decisions concerning the litigation are made. Both issues are part of the analysis of whether a class representative is

{N0715121}                                   3

CARMODY & TORRANCE LLP        50 Leavenworth Street
Attorneys at Law              Post Office Box 1110
                              Waterbury, CT 06721-1110
                              Telephone: 203 573-1200

"adequate" under Rule 23. The "adequate representation" component of Rule 23 requires, among other things, that the proposed class representative demonstrate "the ability to control class counsel." Weber v. Goodman, 9. F.Supp.2d 163, 171 (E.D.N.Y. 1998), modified on other grounds, 1998 WL 1807355 (citation omitted). In Ruland v. General Electric Company, 94 F.R.D. 164, 166-67 (D. Conn. 1982), the court upheld the recommended ruling of a Magistrate Judge which denied class certification, based in part on a finding that plaintiffs were not adequate representatives because "[n]one of them...have a realistic conception of the likely costs of what promises to be a protracted and expensive lawsuit." The court held:

> The record does not show who has paid the necessary expenses so far. E.g., Elser v. Northrup Corp., 86 F.R.D. 20, 36 (W.D.Mo.1979). There is no telling analysis of plaintiffs' resources. There is no forecast, not even a guess, as far as this record shows, of the financial needs of the action and the funding sources to meet them. See A. Miller, An Overview Of Federal Class Actions: Past, Present, And Future 32-34 (Fed.Jud.Ctr.1977) (hereinafter, "Overview").
>
> Although plaintiffs have a keen interest in the outcome of this case, it is uncertain whether they have turned over responsibility to guide the action to their lawyers. Blind reliance, even on competent counsel, is insufficient. In Re Goldchip Funding Co., 61 F.R.D. 592, 594-95 (M.D.Pa.1974). The due process interests of the absent class members require some restraint on the attorneys. Overview at 34.

"Federal courts uniformly allow the identity of the client and matters regarding fee arrangements to be discovered, except in the very limited circumstances when that

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

discovery would actually breach client confidences, . . . it generally follows that the billing statements that attorneys submit to clients are equally discoverable." Renner v. Chase Manhattan Bank, 2001 WL 1356192, *1 (S.D.N.Y 2001) (all unreported cases attached). Similarly, "[t]he privilege does not extend to the general nature of the legal services the attorney was retained to perform or to the terms and conditions of the attorney's engagement." Id. at 2. The Second Circuit has "consistently held that, absent special circumstances, client identity and fee information are not privileged. . . ." In re Grand Jury Subpoena Served upon Doe, 781 F.2d 238, 247-48 (2d Cir. 1986).

Here, the agreements among Mr. Petrolito and the three counsel of record for plaintiff in this case are plainly relevant to the determination of whether plaintiff is an adequate representative of the class. Plaintiff has not, and indeed cannot, claim any harm or prejudice that would result from disclosure of the agreements. Defendant respectfully requests that the court order plaintiff to disclose the agreement(s).

{N0715121}                    5

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

                THE DEFENDANT,
                ARROW FINANCIAL SERVICES LLC


BY: _____/s/ Ann H. Rubin_____
     Ann H. Rubin
     Federal Bar No. ct 04486
     Carmody & Torrance LLP
     50 Leavenworth Street
     P.O. Box 1110
     Waterbury, CT  06721-1110
     (203) 573-1200
     Its Attorneys

{N0715121}          6

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
    Waterbury, CT 06721-1110
    Telephone: 203 573-1200

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

David A. Searles
Donovan Sealres, LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103

James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

*Courtesy Copy:*

Magistrate Judge Holly B. Fitzsimmons
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

*[signature]*
Ann H. Rubin

CARMODY & TORRANCE LLP  50 Leavenworth Street
Attorneys at Law  Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200