**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LUCIANO PETROLITO, on behalf of himself and all others similarly situated | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 3:02CV00484(JCH)(HBF) |
| vs. | : : | |
| ARROW FINANCIAL SERVICES, LLC | : : | |
| Defendant. | : | MARCH 19, 2004 |

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANT'S**
**MOTION FOR RECONSIDERATION OF COURT ORDER**

The Defendant submits this Memorandum of Law in support of its Motion for Reconsideration of the Order Granting Class Certification, filed on March 9, 2004.

**I.   BACKGROUND**

This action was brought under the FDCPA and CUTPA, and plaintiff moved for class certification. The motion for class certification was denied without prejudice by the court. Plaintiff filed a second motion for class certification, to which defendant objected. Defendant sought to take the deposition of the proposed class representation in connection with its opposition to the motion for class certification. Plaintiff refused to appear, and defendant moved to compel the plaintiff to appear and testify at his

{N0715495}

deposition. On January 6, 2004, the court heard oral argument on the motion for class certification, and granted defendant's motion to compel the deposition of the plaintiff. Defendant took the deposition of the plaintiff on February 25, 2004. On March 9, 2004, defendant filed its supplemental opposition to the motion for class certification, based on plaintiff's deposition testimony, addressed only to the issue of whether the plaintiff is an adequate representative of the class.

## II.     LAW AND ARGUMENT

"[T]he function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact…." Hock v. Thipedeau, 245 F. Supp. 2d 451, 453 (D. Conn. 2003); Philbrick v. Univ. of Conn., 51 F. Supp. 2d 164, 165 (D. Conn. 1999). The moving party must be able to "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

As more fully briefed in defendant's supplemental memorandum in opposition to the motion for class certification, on file with the court, the deposition testimony of the plaintiff makes clear that he is not an adequate representative of the class. This

information "might reasonably be expected to alter the conclusion reached by the court," <u>Hock v. Thipedeau</u>, 245 F. Supp. 2d 451, 453 (D. Conn. 2003).

### III.    CONCLUSION

WHEREFORE, the Defendant respectfully requests that the court grant its Motion for Reconsideration, and consider its supplemental memorandum of law in opposition to class certification, together with the evidence submitted therewith, on the issue of whether plaintiff is an adequate representative of the proposed class.

> THE DEFENDANT,
> ARROW FINANCIAL SERVICES LLC
>
>
> BY:    /S/  ANN H. RUBIN
>          Ann H. Rubin
>          Federal Bar No. ct 04486
>          Carmody & Torrance LLP
>          50 Leavenworth Street
>          P.O. Box 1110
>          Waterbury, CT  06721-1110
>          (203) 573-1200
>          Its Attorneys

{N0715495}                                3

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT  06511


David A. Searles
Donovan Searles, LLC
1845 Walnut St., Suite 1100
Philadelphia, PA  19103

James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

*Courtesy Copy*:

Magistrate Judge Holly B. Fitzsimmons
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604


    /S/  ANN H. RUBIN
    Ann H. Rubin

{N0715495}    4