UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUCIANO PETROLITO, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 3:02CV 484 JCH |
| v. | ) ) | |
| ARROW FINANCIAL SERVICES, LLC<br>Defendant. | ) ) | March 17, 2004 |

MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

Defendant's Motion to Compel Production (Doc. No. 96) may be denied as moot, since it relates solely to class certification, which has already been granted (Doc. No. 99). In any event, the defendant's production request did not comply with the time limitations of Fed. R. Civ. P. 34 since the request was served on Feb. 20, 2004 for a deposition on March 25, 2004.

The original Notice did not seek documents nor did the defendant's Motion to Compel request any documents. To the extent the Notice sought documents, it was void and of no effect since it was issued well after the close of discovery without permission of the Court. Edberg v. CPI, Inc., 2000 WL 1844651 (D. Conn. 2000); Odie v. General Motors Corp., 133 F.R.D. 1 (D. Mass. 1990), enforcing 131 F.R.D. 365 (D. Mass. 1990).

Finally, the documents requested are immaterial to any claim or defense in the case, and immaterial to the sole purpose for which the deposition was permitted: to ascertain whether plaintiff is an adequate class representative. That inquiry is limited

to whether his interests are antagonistic to the class.

      Counsel have agreed to advance costs. No inquiry into a fee agreement is permissible, nor will it address the adequacy of class representation <u>County of Suffolk v. Long Island Lighting Co.</u>, 710 F. Supp. 1407, 1415 (E.D.N.Y. 1989), aff'd, 907 F. 2d 1295 (2d Cir. 1990) (proper for attorney to advance costs of litigation even though client could not reimburse attorney unless action succeeds); <u>Roper v. Consurve, Inc</u>., 578 F.2d 1106, 1112 (5th Cir. 1978) (same); <u>Rand v. Monsanto Co.</u>, 926 F.2d 596 (7th Cir. 1991) (class representative liable only for his pro rata share of costs); <u>Amherst Leasing Corp. v. Emhart Corp.</u>, 65 F.R.D. 121, 126 (D. Conn. 1974) ("It is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim"; deposition precluded as to plaintiff's motives or the authority of their attorney for bringing the suit);

                                                     THE PLAINTIFF

                                                  BY_____/s/ Joanne S. Faulkner___
                                                  JOANNE S. FAULKNER ct04137
                                                      123 Avon Street
                                                      New Haven, CT 06511-2422
                                                      (203) 772-0395
                                                      j.faulkner@snet.net

This is to certify that the foregoing was mailed on March 16, 2004, postage prepaid, to:

Ann H. Rubin
P.O. Box 1950
New Haven CT 06509-1950

                                                   _/s/ Joanne S. Faulkner___
                                                   Joanne S. Faulkner