UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUCIANO PETROLITO, on behalf of
himself and all others similarly situated,
  Plaintiff,                                       CASE NO. 3:02CV 484 JCH

v.

ARROW FINANCIAL SERVICES, LLC         March 29, 2004
Defendant.

## PLAINTIFF'S OPPOSITION TO MOTION
## FOR RECONSIDERATION

Defendant's Motion for Reconsideration (Doc. No. 100) should be denied because  it does not meet the standards for reconsideration.  "A motion for reconsideration cannot be employed as a vehicle for asserting new arguments . . . that could have been adduced [previously]."  LoSacco v. City of Middletown, 822 F. Supp. 870, 877 (D. Conn. 1993), aff'd, 33 F.3d 50 (2d Cir. 1994). Its function is to correct manifest errors of law or fact, not merely to "plug[] the gaps of a lost motion." Id.

Defendant claims plaintiff is not an adequate class representative. In the Order Granting Class Certification (Doc. No. 99), the Court properly ruled that the plaintiff's adequacy as a class representative turns on whether plaintiff has any conflict with class members. Slip Op. at 11. Defendant's Supplemental Memorandum (Doc. No. 95) did not address the "conflict" issue at all.

Instead,  Defendant's Supplemental Memorandum concentrated on an issue which it never previously raised as to plaintiff's financial adequacy, relying on superseded cases involving the financial responsibility of a losing class member. Courts no longer consider whether a plaintiff can afford to pay the costs of a class action, recognizing that it would

contravene the utility of class actions, which are meant to resolve many individual claims. County of Suffolk v. Long Island Lighting Co., 710 F. Supp. 1407, 1415 (E.D.N.Y. 1989), aff'd, 907 F. 2d 1295 (2d Cir. 1990) (proper for attorney to advance costs of litigation even though client could not reimburse attorney unless action succeeds);  Roper v. Consurve, Inc., 578 F.2d 1106, 1112 (5th Cir. 1978) (same); Rand v. Monsanto Co., 926 F.2d 596 (7th Cir. 1991) (class representative liable only for his pro rata share of costs); Eggleston v. Chicago Journeyman, Plumbers Local Union No. 130, 657 F.2d 890, 895 (7th Cir. 1981).

Defendant also relies on a cost-shifting provision of the FDCPA, 15  U.S.C. § 1692k(a)(3) which applies only if the FDCPA case was "brought in bad faith and for the purpose of harassment."  There is not a hint of bad faith or purpose of harassment in the deposition, nor could defendant reasonably raise such a claim, even if plaintiff were to lose on the merits.

## CONCLUSION

Defendant's Motion for Reconsideration should be denied. If the Court decides to reconsider class certification, however, plaintiff respectfully calls attention to Cliff v. Payco Gen. Am. Credits, Inc., __ F.3d __ (11th Cir. March 24, 2004) which ruled that the district court should have considered the four-year state class as well as the one year FDCPA class to determine numerosity.

2

THE PLAINTIFF


BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT  06511
(203) 772-0395
j.faulkner@snet.net


This is to certify that the foregoing was mailed on March 27, 2004, postage prepaid, to:

Ann H. Rubin
P.O. Box 1950
New Haven CT 06509-1950

__/s/ Joanne S. Faulkner____
Joanne S. Faulkner