UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUCIANO PETROLITO : | |
|     Plaintiff : | CIVIL ACTION NO. |
| v. : | 3:02-cv-484 (JCH) |
| : | |
| ARROW FINANCIAL SERVICES, LLC : | |
|     Defendant. : | APRIL 19, 2004 |

### RULING ON DEFENDANT'S MOTION FOR
### RECONSIDERATION OF CLASS CERTIFICATION [DKT. NO. 100]

The defendants move for reconsideration of this court's Order granting class certification. For the following reasons, the court grants the defendant's motion for reconsideration and affirms its previous order certifying the class.

**I.  DISCUSSION**[1]

This case involves class claims for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, or 1692f ("FDCPA"), and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq. On March 9, 2004, the court certified a one-year FDCPA class and a one-year CUTPA class, made up of those individuals having FDCPA claims. However, the day before the court issued its Ruling, the defendant filed a Supplemental Reply [Dkt. No. 95], arguing that new evidence from Petrolito's recent deposition demonstrated that he was inadequate to serve as

---

[1] The facts are recounted more fully in this court's Amended Ruling on Plaintiff's Renewed Motion For Class Certification [Dkt. No. 105].

1

a class representative. The court was not aware of this Supplemental Reply at the time it issued its Ruling, and thus grants reconsideration in light of the new facts contained therein. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked").

### A. Adequacy Requirement

Rule 23(a) sets forth the following prerequisites to class certification:

> One or more members of a class may sue or be sued as a representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly an adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These requirements are commonly referred to as "numerosity," commonality," "typicality," and "adequacy." See, e.g., Cruz v. Coach Stores, Inc., 202 F.3d 560 (2d. Cir. 2000). A class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 161 (1981). See also Baffa v. Donaldson, Lufkin, & Jenrette Sec. Corp., 222 F.3d 52, 58 (2d Cir. 2000); Marisol A. v. Guiliani, 126 F.3d 372 (2d Cir. 1997).

The defendant argues that Petrolito is not an adequate class representative because he has not demonstrated sufficient knowledge of the case and of his role as class

representative.[2]  See Def.'s Supp. Mem. At 2-3.  Having read Petrolito's deposition in its entirety, the court notes that there are portions which, if read in isolation, might suggest that Petrolito has less then adequate understanding of the case.  However, taking the deposition as a whole, Petrolito demonstrated sufficient capacity to represent the class in this matter.  He explained his participation in this class action as follows: "I'm basically taking responsibility for all of them."  Dep. At 29:2-3.  He further demonstrated his knowledge that, if he wished to settle, there would be restrictions, meaning "it has to be fair, fair for everyone involved in the class, not just me," Dep. At 45:18-19, and that, if it were not fair for others, he "would refuse it."  Dep. At 45:22.

Petrolito indicated significant reliance on his attorney, but that reliance is permissible and does not disqualify him as class representative.  As the Second Circuit has noted, the Supreme Court has specifically disapproved of attacks on the adequacy of a class representative based on the representative's ignorance.  Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 61 (2d Cir. 2000) (allowing eighteen year-old to be class representative in securities class action) (discussing Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 370-374 (1966)); see also Gunnells v. Healthplan Serv. Inc., 348 F.3d 417 (4th Cir. 2003) ("it is hornbook law . . . that in a complex lawsuit . . . the representative need not have extensive knowledge of the facts of the case in order to be an adequate

---

[2]Defendant's objection that Petrolito is an inadequate class representative because he has no actual damages was dealt with in the court's prior ruling and will not be reconsidered here.  See Shrader, 70 F.3d at 257 (a motion to reconsider should not be used to "relitigate an issue already decided").

representative"). A representative's appreciation of the limits of his knowledge does not make him inadequate counsel, if he has sufficient knowledge to protect the interests of the class. Id. at 430.

Here, Petrolito demonstrated a general understanding of the mass adjudication function of the class action; of the fact that he is trusted with guarding the interests of other class members; and that the alleged illegal conduct is the purchasing of written-off debt for collection. The court finds this a sufficient demonstration of his adequacy to be a class representative.

### III.   CONCLUSION

For the reasons discussed above, the defendant's Motion for Reconsideration [Dkt. No. 100] is GRANTED and the court's prior ruling is AFFIRMED.


**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of April, 2004.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge