## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LUCIANO PETROLITO, on behalf of     :
himself and all others similarly situated    :

                 :

            Plaintiff,         :     CIVIL ACTION NO.
                 :     3:02CV00484(JCH)(HBF)

vs.                          :

                 :

ARROW FINANCIAL SERVICES, LLC    :

                 :

           Defendant.       :     APRIL 22, 2004

### DEFENDANT'S OBJECTION TO MOTION FOR ORDER REGARDING NOTICE TO CLASS

Defendant Arrow Financial Services, LLC objects to the proposed order regarding notice to the class, for the reasons set forth below.

### No Notice Should Be Sent to Class Members At This Time

Defendant timely moved for reconsideration of the court order certifying a class in this case. That motion has not been decided by the court. No notice to the class should be determined or sent at least until the court has decided the motion for reconsideration.

### Defendant Requires Sufficient Time to Obtain the Information Requested

Plaintiff requests an order requiring defendant to furnish a complete list of the names and addresses of all class members within 30 days on the requested order. Defendant will require more than 30 days to obtain and review the requested information, and requires at least 60 days from the entry of any order to furnish the names and last known addresses of the class members.

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law                Post Office Box 1110
                             Waterbury, CT 06721-1110
                             Telephone: 203 573-1200

## The Proposed Notice Should Be Modified

Defendant does not object to certain portions of the proposed notice. Defendant objects to certain portions, and proposes revisions, as set forth in the attached Proposed Revised Order. Defendant submits both its Proposed Revised Order and a black-lined version of plaintiff's proposed order. The reasons for the requested changes are set forth below.

## Class Definition

Defendant has revised the class definition to match the class definition set forth in the Court Ruling. The notice should conform to the order.

## Background

Defendant has revised this section to accurately state its position, and to state the relief sought by plaintiff.

## Participation in the Class

Defendant has revised these provisions to make clear that participation in any settlement is contingent upon a settlement being reached. Defendant has also revised the information about Exclusion to make clear that a party that opts-out must engage her own counsel.

## Inquiries

Inquiries from class members should be permitted only in writing, and responses should similarly be permitted only in written form. Copies of all inquiries and responses should be provided to defendant. Communications between potential class members and class counsel should be limited to subjects concerning representation of the class. In particular, class counsel should not communicate with potential class

Transworld Systems, Inc., 201 F.R.D. 54 (D. Conn. 2001). Defendant can be assured that the communications will be limited to proper subjects only if the inquiries and responses are in writing, and provided to it.

**Information To Be Furnished by Defendant**

Defendant maintains records of the names of persons from whom it sought to collect debt, and the addresses for such persons, at the time collection letters are sent. Defendants will furnish such information for members of the class. Defendant does not maintain records of the current addresses of class members, and therefore cannot be ordered to provide this information.

**CONCLUSION**

For all of the foregoing reasons, defendant respectfully requests that the court decline to order any notice to class members until after the court has ruled on defendant's pending motion for reconsideration of the class certification order. Defendant further requests that, should the court determine that this action will proceed as a class action, the court approve the Proposed Revised Notice submitted herewith.

THE DEFENDANT,
ARROW FINANCIAL SERVICES LLC


BY: _Ann H. Rubin_

Ann H. Rubin
Federal Bar No. ct 04486
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
(203) 573-1200
Its Attorneys

3

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT  06511

David A. Searles
Donovan Searles, LLC
1845 Walnut St., Suite 1100
Philadelphia, PA  19103

James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

*Courtesy Copy:*

Magistrate Judge Holly B. Fitzsimmons
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

_____
Ann H. Rubin

{W1298402}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUCIANO PETROLITO               :
            Plaintiff,          :        CIVIL ACTION NO.
                                :        3:02-cv-00484(JCH)
vs.                             :
                                :
ARROW FINANCIAL SERVICES, LLC   :
            Defendant.          :

## ORDER

**AND NOW,** this _____ day of _____, 2004, upon consideration of the

Motion for Approval of Class Action Notice submitted by the Plaintiff, and the Objection and

Revised Proposed Order submitted by the Defendant, it is hereby ORDERED that the Revised

Proposed Class Action Notice is approved, and the notice of this action shall be given to all

members of the Class as hereinafter provided:

I.    **NOTICE**

(caption)

**NOTICE OF CLASS ACTION**

**TO:**

All Connecticut residents from whom Arrow Financial Services, LLC sought to
collect a non-business debt after March 20, 2001 through March 20, 2002, which Arrow
purported to have purchased or received assignment of after the debt had been written off
by the original holder.

**PLEASE READ THIS NOTICE CAREFULLY.**

**YOU ARE NOT BEING SUED BUT YOUR RIGHT TO SUE ARROW IS AFFECTED.**

**PLEASE TAKE NOTICE** THAT PURSUANT TO AN Order issued by the Honorable

Janet C. Hall of the United States District Court for the District of Connecticut, you are advised

{W1298387;2}

of the existence of the above entitled class action lawsuit that was filed on March 20, 2002. On March 5, 2004, the Court decided that this case should proceed as a class action under Federal Rule of Civil Procedure 23 and on [date of Order] directed that this Notice be sent to you. If you are a member of the Class (a Connecticut resident from whom Arrow attempted to collect a non-business debt after March 20, 2001 through March 20, 2002 which Arrow claims to have purchased or received an assignment of after the debt has been written off by the original holder), your rights are being determined in this case.

## BACKGROUND

The case was filed by Plaintiff Luciano Petrolito against Arrow Financial Services, LLC (the "Defendant"), pursuant to the Fair Debt Collection Practices Act ('FDCPA") and the Connecticut Unfair Trade Practices Act ("CUTPA").

To briefly summarize the case, the Plaintiff alleges that Defendant purchased or received assignment of your consumer debt that had been charged off and then tried to collect payment of that debt, in violation of the Connecticut Consumer Collection Agency Act, § 36a-805. Plaintiff seeks damages and injunctive relief. Defendant denies the plaintiff's allegations, and states that it complied with all applicable laws, including the FDCPA, CUTPA, and the Connecticut Consumer Collection Agency Act.

## PARTICIPATION IN THE CLASS

Being a member of the Class means that if a judgment is entered by the Court in this case, or if the case is settled and the settlement is approved by the Court, you will be bound by the judgment or settlement and be eligible for your share of settlement benefits, if any are

available. In connection with this, you must decide whether you want to be included as a member of the Class or whether you want to be excluded from the Class.

**Inclusion in the Class.** If you want to be included in the Class, you do not need do anything at this time, and you will automatically participate in the lawsuit as a Class member. You will be bound by any judgment or other disposition of the lawsuit, including any settlement, should one be reached. You will automatically be included in the Class if you do not submit a written request to be excluded by a date to be determined by the court.

**Exclusion from Class.** If you request to be excluded from the Class, you will not participate in this lawsuit or in any settlement of this lawsuit. You will not be bound by any judgment or other disposition of the case, and you will not be eligible to participate if there is a settlement, nor will you be bound by any release of the Defendants. If you request exclusion, you may have a limited time to file your own separate individual lawsuit. If you chose to request exclusion and seek to file your own separate individual lawsuit, you may engage counsel of your choice to represent you in that lawsuit.

In order to elect to be excluded from the Class, you must submit such a request in writing and mail or deliver the request, on or before [**30 days from date of Notice**] to:

Clerk of Court
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

You must also send a copy to

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

Ann H. Rubin

P. O. Box 1950
New Haven, CT 06509-1950

If the request for exclusion is not received by the date indicated above, you will be included in

the Class.

Any questions you have concerning this case must be presented in writing, directed to

Counsel for the Plaintiff. Counsel will not respond to any telephone inquiries.

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

A copy of your inquiry and counsel's response will be provided to counsel for the Defendant.

**OTHER MATTERS**

This Notice does not fully describe all of the claims and defenses of this lawsuit. You

may, of course, seek the advice and guidance of your own attorney if you desire. For further

information, you may review all of the pleadings and other documents filed in this case at the

Office of the Clerk set forth above. DO NOT CONTACT THE CLERK OR THE JUDGE

WITH ANY QUESTIONS ABOUT THIS CASE.


Date:              , 2004                    _____
                                            Clerk of Court

II.    **METHOD OF SERVICE**

The foregoing Notice to the Class members shall be given in the following manner:

Counsel for the Defendant shall furnish to counsel for the Plaintiff a list that includes the

names and last known addresses contained in defendant's records for all members of the Class

{W1298387;2}                                  4

within sixty (60) days of this Order.  Plaintiff shall mail the Notice to each member of the Class

within ninety (90) days of this Order.

BY THE COURT:

_____
Janet C. Hall, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUCIANO PETROLITO               :
           Plaintiff,          :       CIVIL ACTION NO.
                         :       3:02-cv-00484(JCH)

vs.                        :
                         :

ARROW FINANCIAL SERVICES, LLC  :
           Defendant.        :

## ORDER

**AND NOW,** this _____ day of _____, 2004, upon consideration of the

Motion for Approval of Class Action Notice submitted by the Plaintiff, <u>and the Objection and</u>

<u>Revised Proposed Order submitted by the Defendant,</u> it is hereby ORDERED that the

~~proposed~~<u>Revised Proposed</u> Class Action Notice is approved, and the notice of this action shall be

given to all members of the Class as hereinafter provided:

**I.    NOTICE**

(caption)

**NOTICE OF CLASS ACTION**

**TO:**

    All ~~persons in~~ Connecticut <u>residents</u> from whom Arrow Financial Services, LLC
sought to collect a non-business debt after March 20, ~~2001,~~<u>2001 through March 20, 2002,</u>
which Arrow purported to have purchased or received assignment of after the debt
~~became in default~~<u>had been written off by the original holder</u>.

**PLEASE READ THIS NOTICE CAREFULLY.**

**YOU ARE NOT BEING SUED BUT YOUR RIGHT TO SUE ARROW IS AFFECTED.**

{W1298387<u>.2</u>}

**PLEASE TAKE NOTICE** THAT PURSUANT TO AN Order issued by the Honorable

Janet C. Hall of the United States District Court for the District of Connecticut, you are advised

of the existence of the above entitled class action lawsuit that was filed on March 20, 2002.  On

March 5, 2004, the Court decided that this case should proceed as a class action under Federal

Rule of Civil Procedure 23 and on [date of Order] directed that this Notice be sent to you.  If you

are a member of the Class (a ~~person~~Connecticut resident from whom Arrow attempted to collect

a non-business debt after March 20, 2001 through March 20, 2002 which Arrow claims to have

purchased or received an assignment of after the debt ~~became in default~~has been written off by

the original holder), your rights are being determined in this case.

## BACKGROUND

The case was filed by Plaintiff Luciano Petrolito against Arrow Financial Services, LLC

(the "Defendant"), pursuant to the Fair Debt Collection Practices Act ('FDCPA") and the

Connecticut Unfair Trade Practices Act ("CUTPA").

To briefly summarize the case, the Plaintiff alleges that Defendant purchased or received

assignment of your consumer debt that had been charged off and then tried to collect payment of

that debt, in violation of the Connecticut Consumer Collection Agency Act, § 36a-805.

~~Defendant maintains~~Plaintiff seeks damages and injunctive relief.  Defendant denies the

plaintiff's allegations, and states that it complied with all applicable laws~~.~~, including the FDCPA,

CUTPA, and the Connecticut Consumer Collection Agency Act.

## PARTICIPATION IN THE CLASS

Being a member of the Class means that if a judgment is entered by the Court in this case,

or if the case is settled and the settlement is approved by the Court, you will be bound by the

judgment or settlement and be eligible for anyyour share of settlement benefits, if any are

available. In connection with this, you must decide whether you want to be included as a

member of the Class or whether you want to be excluded from the Class.

**Inclusion in the Class.** If you want to be included in the Class, you do not need do

anything at this time, and you will automatically participate in the lawsuit as a Class member.

You will be bound by any judgment or other disposition of the lawsuit, including any settlement,

should one be reached. You will automatically be included in the Class if you do not submit a

written request to be excluded by a date to be determined by the court.

**Exclusion from Class.** If you request to be excluded from the Class, you will not

participate in this lawsuit or in any settlement of this lawsuit. You will not be bound by any

judgment or other disposition of the case, and you will not be eligible to participate if there is a

settlement, nor will you be bound by any release of the Defendants. If you request exclusion, you

may have a limited time to file your own separate individual lawsuit. If you chose to request

exclusion and seek to file your own separate individual lawsuit, you may engage counsel of your

choice to represent you in that lawsuit.

In order to elect to be excluded from the Class, you must submit such a request in writing

and mail or deliver the request, on or before **[30 days from date of Notice]** to:

Clerk of Court
United States District Court
915 Lafayette Blvd.
Bridgeport, CT  06604

You must also send a copy to

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT  06511-2422

{W1298387};2}                                            3

Ann H. Rubin
P. O. Box 1950
New Haven, CT  06509-1950

If the request for exclusion is not received by the date indicated above, you will be included in

the Class.

Any questions you have concerning this case ~~should~~must be ~~directed~~presented in writing,

directed to Counsel for the Plaintiff. Counsel will not respond to any telephone inquiries.

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT  06511-2422

A copy of your inquiry and counsel's response will be provided to counsel for the Defendant.

**OTHER MATTERS**

This Notice does not fully describe all of the claims and defenses of this lawsuit.  You

may, of course, seek the advice and guidance of your own attorney if you desire.  For further

information, you may review all of the pleadings and ~~Other~~other documents filed in this case at

the Office of the Clerk set forth above.  DO NOT CONTACT THE CLERK OR THE JUDGE

WITH ANY QUESTIONS ABOUT THIS CASE.

Date:              , 2004                    _____
                                             Clerk of Court

**II.    METHOD OF SERVICE**

The foregoing Notice to the Class members shall be given in the following manner:

Counsel for the Defendant shall furnish to counsel for the Plaintiff a ~~complete~~ list that

includes the names and ~~current~~last known addresses ~~of~~contained in defendant's records for all

{W1298387~;2}                              4

members of the Class within ~~thirty~~sixty (~~30~~60) days of this Order.  Plaintiff shall mail the Notice

to each member of the Class within ~~sixty~~ninety (~~60~~90) days of this Order.

BY THE COURT:

_____

Janet C. Hall, U.S.D.J.