UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUCIANO PETROLITO | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:02-cv-484 (JCH) (HBF) |
| v. | : | |
| | : | |
| ARROW FINANCIAL SERVICES, LLC | : | |
| | : | |
| Defendant. | : | May 3, 2004 |

REPLY IN SUPPORT OF MOTION FOR ORDER REGARDING NOTICE TO CLASS

Defendant interposes three extant objections to the class notice. Its motion for reconsideration has been denied, so that aspect of its objection is moot.

First, it claims it needs more than 60 from the date of any Order to obtain the names and addresses of the class. Since certification was granted on March 4, 2004, that process should have been initiated at that time. In addition, defendant provided class discovery with the names and addresses redacted, so that it should be a simple process to unredact the requested information and compile the list of names and addresses. Thirty days after the Order is more than enough time to provide the list since the process should have been under way already.

Second, there is no legal basis for restricting inquiries to a writing. Even the FDCPA does not limit a consumer to written disputes or objections. While the majority of the population may be capable of drafting a letter, a significant minority unfortunately does not have that capability, for lack of either literacy or English language skills.  In addition, people naturally tend to use the telephone rather than write. A writing requirement places a heavy burden, sometimes insurmountable, on a portion of the intended class beneficiaries. See, e.g., National Institute for Literacy, The State of Literacy in America: Estimates at the Local, State and National Levels (1998), available through <http://www.nifl.gov>; Alan M. White and Cathy Lesser Mansfield,

Literacy and Contract, 13 Stanford Law & Policy Review 233 (2002).

Third, since class members are clients of plaintiff's counsel, their communications with counsel are privileged. Defendant has no right to know the content of privileged communications.

Text of revisions. Defendant would not consult with plaintiff before he moved for approval of the class notice, did not consult before submitting its own version to the Court, and has not consulted since, despite requests. The minutiae of drafting should have been resolved by the parties. For instance, at the top of page 3, the language could be changed to "and be eligible for your share of class benefits, if any." The word "available" is confusing. In the middle of page 3, "by a date to be determined by the court" should be deleted, because the date in fact will be determined and set forth in the next paragraph. Instead the phrase "in accordance with the next paragraph, Exclusion." could be used.

THE PLAINTIFF


BY_____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395
    j.faulkner@snet.net


DAVID A. SEARLES
Donovan Searles, LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
(215) 732-6067
(215) 732-8060 (fax)
dsearles@donovansearles.com

                                              JAMES A. FRANCIS
                                              Francis & Mailman, P.C.
                                              19th Floor
                                              100 South Broad Street
                                              Philadelphia, PA 19110
                                              (215) 735-8600
                                              (215) 940-8000  (fax)
                                              jfrancis@consumerlawfirm.com

       This is to certify that the foregoing and attached was mailed on May 1, 2004, postage prepaid, to:

Ann H. Rubin
P.O. Box 1950
New Haven CT 06509-1950

                                              __/s/ Joanne S. Faulkner__
                                              Joanne S. Faulkner