# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LUCIANO PETROLITO, on behalf of   :
himself and all others similarly situated   :
   :
             Plaintiff,   :    CIVIL ACTION NO.
   :    3:02CV00484(JCH)(HBF)
vs.   :
   :
ARROW FINANCIAL SERVICES, LLC   :
   :
             Defendant.   :    September 27, 2004

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT'S
## MOTION TO STAY COURT ORDER FOR NOTICE TO THE CLASS

**BACKGROUND**:

In this class action alleging violations of the Federal Fair Debt Collection Practices

Act, 15 U.S.C. §§ 1692, *et seq.*, this Court (Hall, J.) certified the plaintiff class by ruling dated

March 5, 2004.[1]  The class representative is Luciano Petrolito ("Petrolito").  By order dated

July 23, 2004, 2004 (the "Order"), the Court (Fitzsimmons, U.S.M.J.) set forth the terms of

notice to the class and ordered the defendant, Arrow Financial Services LLC ("Arrow"), to

provide the names and last known address of some approximately 24,000 members of the

class to plaintiffs' counsel, and ordered plaintiffs' counsel to provide notice to the members of

the class as set forth in the Order.  However, the Court stayed any actual notice to the class

pending a settlement conference, which occurred on September 20, 2004.  The current Order

---

[1] Certain typographical errors in the March 5 ruling were corrected in a subsequent ruling issued on April 8, 2004.
{W1319122;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
    Waterbury, CT 06721-1110
    Telephone: 203 573-1200

requires Arrow to provide plaintiffs' counsel with the names and last known addresses of the members of the class on or about September 27, 2004; and it requires plaintiffs' counsel to provide notice to the class within 60 days thereafter.

Before the mediation, Arrow's counsel informed plaintiff's counsel that Arrow intended to file a Motion to Dismiss and to Compel Arbitration, because the court lacks subject matter jurisdiction over this case. Arrow's counsel provided plaintiff's counsel with a draft of that motion before the mediation, and informed the Court of the motion and its contents at the mediation. Arrow now files the motion to dismiss based on the arbitration provision in Petrolito's contract with his original creditor, and seeks the stay requested in this motion.

In its Motion to Dismiss and to Compel Arbitration, Arrow asserts that this Court has no subject matter jurisdiction over this case because Petrolito's contract with his original creditor contains a valid arbitration provision. Petrolito's claims arise out of a credit card agreement that requires submission of all claims to arbitration and, further, proscribes Petrolito both from serving as a class representative and from participating in any class action. By the terms of that agreement, Petrolito expressly waived his right to litigate any such claim altogether, let alone in this forum or through the vehicle of a class action.

Once a court's jurisdiction is placed in issue, the court should reach a determination with respect to its jurisdiction before any further proceedings are taken in the case.

{W1319122;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Accordingly, Arrow requests that the Court stay its earlier Order for notice to the class until the Court rules on Arrow's Motion to Dismiss and to Compel Arbitration.

**LEGAL STANDARD**:

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936). Thus, "the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." <u>Clinton v. Jones</u>, 520 U.S. 681, 683 (1997). The court "possesses undoubted authority to issue a stay when the balance of hardships demonstrates that such relief is appropriate." <u>Grasso v. City of Ansonia</u>, 2003 WL 22918494 * 3 (D. Conn.) (copy attached).

**ARGUMENT**:

As fully briefed in Arrow's Memorandum of Law in Support of its Motion to Dismiss and to Compel Arbitration, all of the claims involved in this action are subject to arbitration and, therefore, the court may dismiss the federal action instead of staying it. <u>See, e.g.</u>, <u>Blair v. Scott Specialty Gases</u>, 283 F.3d 595, 600-02 (3d Cir. 2002). "[A]s long as ... [a] party ma[kes] clear that it [i]s seeking enforcement of the arbitration clause in its motion to dismiss, it ha[s] sufficiently invoked the full spectrum of remedies under the FAA." <u>Thompson v.</u>

3

{W1319122;2}

Nienaber, 239 F. Supp.2d 478, 483 (D.N.J. 2002), citing Choice Hotels Int'l, Inc. v. BSR

Tropicana Resort, Inc., 52 F.3d 707, 710 (4th Cir. 2001).  Thus, the arbitration provision that

is operative in this case divests the Court of subject matter jurisdiction.

      "[O]nce the question of lack of jurisdiction of a court is raised, it must be disposed of

no matter in what form it is presented, and the court must fully resolve it before proceeding

further with the case."  Castro v. Viera, 207 Conn. 420, 429 (1996) (internal citations and

quotation marks omitted).  Accordingly, for example, federal courts "routinely stay discovery

on the merits altogether while challenges to jurisdiction are pending."  Orchid Biosciences

Inc. v. St. Louis Univ., 198 F.R.D. 670, 675 (S.D. Cal. 2001), citing Enplanar, Inc. v. Marsh,

11 F.3d 1284 (5th Cir. 1994) (court did not abuse its discretion in denying merits-related

discovery pending ruling on a motion for change of venue); River Plate corp. v. Forestal

Land, Timber & Ry. Co., 185 F. Supp. 832 (D.C.N.Y. 1960) (where motion to quash service

of summons was pending, discovery limited to the issue of jurisdiction); Defensive

Instruments, Inc. v. RCA corp., 385 F. Supp. 1053 (D.C. Pa. 1974) (where defense of statute

of limitations would obviate need for scrutiny of merits, discovery properly limited to

preliminary questions as to validity of the defense).  See also Investment Properties Int'l, Ltd.

v. IOS, Ltd., 459 F.2d 705 (2d Cir. 1972) (issuing mandamus to require a court to allow only

limited discovery for purposes of determining jurisdiction where all other proceedings were

stayed pending such determination).  Because the motion to dismiss challenges the court's

4

{W1319122;2}

CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law                          Post Office Box 1110
                                                   Waterbury, CT 06721-1110
                                                   Telephone: 203 573-1200

subject matter jurisdiction over this case, the court should stay the order for notice to the class in its entirety.

"Defects in subject matter jurisdiction cannot be waived and may be raised at any time during the proceedings." Moodie v. Federal Reserve Bank of New York, 58 F.3d 879 (2nd Cir. 1995), quoting, Fox v. Board of Trustees of the State Univ., 42 F.3d 135, 140 (2d Cir. 1994), petition for cert. filed, 63 U.S.L.W. 3819 (U.S. May 2, 1995) (No. 94-1819); see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") Lack of subject matter jurisdiction is "a defect that cannot be cured by waiver." F.D.I.C. v. Hillcrest Associates, 66 F.3d 566, 568 (2d Cir. 1995). Hence, the Second Circuit considered the renewal of a challenge to subject matter jurisdiction, even nearly a decade after the commencement of the litigation, to be "unexceptional." Md. Ca. Co. v. W.R. Grace & Co., 23 F.3d 617, 621 (2d Cir. 1993).

In this case, the Order for notice to the class requires Arrow and plaintiffs' counsel to undertake what could ultimately (and very shortly) prove to be a fruitless and wasteful exercise in compiling information about the members of the class, and notifying the class members of pending litigation that is subject to imminent dismissal or stay. Under the circumstances, providing notice to some 24,000 class members while the motion to dismiss is pending is likely to cause class members confusion and waste the resources of plaintiffs'

5

{W1319122;2}

counsel and the defendant.  At a minimum, a ruling granting dismissal or stay of the case after

initial notice would require additional notice and explanation to the class members.  Such

notices would inevitably lead to multiple inquiries to plaintiffs' counsel.  All of the confusion

and expense are easily avoidable.  At the same time, there would be no prejudice to the class

by delaying notice for a few weeks.

Consequently, disclosing the names and addresses of class members, and incurring the

burden and expense of providing them with notice now would arguably serve no purpose and

would offend "the principle of judicial parsimony."  See e.g. Sinclair Ref. Co. v. Jenkins

Petroleum Process Co., 289 U.S. 689, 804 (1933); see also Vivid Technologies, Inc. v. Amer.

Science & Eng., Inc., 200 F.3d 795, 804 (Fed. Cir. 1999). Arrow challenges the Court's

subject matter jurisdiction in favor of mandatory arbitration pursuant to Petrolito's agreement

with his creditor.  Accordingly, notification of the class should not occur until the Court has

ruled on Arrow's Motion to Dismiss and to Compel Arbitration.

## CONCLUSION:

WHEREFORE, Arrow respectfully requests that the Court grant its Motion to Stay the

Order providing for notice to the class.

{W1319122;2}

6

THE DEFENDANT,
ARROW FINANCIAL SERVICES LLC


BY: _____
Ann H. Rubin
Federal Bar No. ct 04486
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110
(203) 573-1200
Its Attorneys

7

{W1319122;2}

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

David A. Searles
Donovan Searles, LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103

James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

*Courtesy Copy:*

Magistrate Judge Holly B. Fitzsimmons
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

Ann H. Rubin

8

{W1319122;2}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

2003 WL 22918494 (D.Conn.)
Motions, Pleadings and Filings
Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
Albert J. **GRASSO**; Jeffrey V. Purcell; and Prestige Builders, LCC, Plaintiffs,
v.
CITY OF **ANSONIA**; Inland Wetlands, Commission of the City of **Ansonia** and John
Izzo, Jr., Defendants.
No. Civ. 302CV455MRK.
Nov. 7, **2003**.

Ann Marie Willinger, Thomas W. Bucci, Willinger, Willinger & Bucci, Bridgeport, CT, for Plaintiffs.
John J. Radshaw, III, Melanie A. Dillon, Melinda A. Powell, Thomas R. Gerarde, Hartford, CT, Kevin
Michael Blake, Shepro & Blake, Stratford, CT, Ronald F. Bozelko, The Bozelko Law Firm, Orange, CT,
for Defendants.

*RULING ON MOTION FOR STAY*

KRAVITZ, J.
**\*1** This federal question action arising from defendants' denial of plaintiffs' application for a wetlands
permit was filed on March 13, 2002. Since then, this action has not moved forward in any meaningful
way. The reason is that defendants--the City of **Ansonia,** its Inland Wetlands Commission and John
Izzo, Jr.--have requested, and the Court has granted, five stays pending an Order of Rehabilitation
entered by the Commonwealth Court of Pennsylvania with respect to Legion Insurance Company
("Legion"), the general liability insurer for the defendants. [docs. # 10, 13, 15, 18, and 21].
On August 1, **2003,** defendants filed yet another motion for a stay. The latest motion, a Motion for
Stay Due to Liquidation [doc. # 31], followed the July 25, **2003** issuance of an Order of Liquidation
by the Commonwealth Court of Pennsylvania declaring Legion insolvent and ordering Legion to be
liquidated effective July 28, **2003.** According to the Motion, the Order of Liquidation of the
Commonwealth Court of Pennsylvania provides, in relevant part, "Unless otherwise agreed to by the
Liquidator or by the relevant guaranty associations, all actions which Legion is or may be obligated to
defend a party in any court or law are stayed to the extent provided by applicable law, subject to
further order of the Court." The Motion also cites Connecticut's Insurance Guaranty Association Act,
which provides in pertinent part, as follows:
All proceedings in which an insolvent insurer is a party or is obliged to defend an insured as a party in
any court in this state shall be stayed for up to six months and for such additional time thereafter as
may be determined by the court from such declaration of insolvency or from the time an ancillary
proceeding is instituted in the state, which is later, to permit proper defense by said association of all
pending causes of action.
Conn. Stat. Ann. § 38a-851.
Invoking the Commonwealth Court's order and § 38a-851, defendants assert that this action must
continue to be stayed for at least an additional six-month period, until January 28, 2004. For several
reasons, the Court will not grant another stay in this case.
First, there can be no question that the Commonwealth Court has no power to enjoin a federal court
from exercising the jurisdiction that Congress has conferred on the federal courts. As the Supreme
Court held in *Donovan v. City of Dallas,* 377 U.S. 408, 412-13, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964),
"State courts are completely without power to restrain federal court proceedings in *in personam*
actions." *See also General Atomic Co. v. Felter,* 434 U.S. 12, 17, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977)
("The rights conferred by Congress to bring ... actions in federal courts are not subject to
abridgement by state-court injunctions ..."); *Fragoso v. Lopez,* 991 F.2d 878, 884 (1st Cir.1993).
Second, the Court rejects defendants' suggestion that § 38a-851 seeks to divest *federal* courts of
jurisdiction properly conferred on them by Congress. By its terms, that provision applies only to
Connecticut *state* courts; it merely recognizes that Connecticut's courts are obligated to respect the
insurance liquidation proceedings conducted by reciprocal states such as Pennsylvania. The act does
not purport to interfere with duly filed actions in federal court. Any other construction of § 38a-851
would raise serious constitutional issues.

**\*2** In this case, plaintiffs have properly invoked federal question jurisdiction, 28 U.S.C. § 1331, in an effort to remedy alleged violations of their constitutional rights. Accordingly, this Court has both the power and duty to proceed to consider plaintiffs' lawsuit. See *New Orleans Pub. Serv., Inc. v. City Council of New Orleans,* 491 U.S. 350, 359, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (describing federal court's obligation to adjudicate claims within their jurisdiction as "virtually unflagging"). Third, the Court also rejects defendants' argument that a stay is required under the abstention doctrine enunciated in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). "Abstention 'is an extraordinary and narrow exception of the duty of a District Court to adjudicate a controversy properly before it ...' ' *Village of Westfield, NY., v. Welch's,* 170 F.3d 116, 121 (2d Cir.1999) (quoting *Colorado River Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). The Supreme Court has held that *Burford* abstention--that is, "abstention out of deference to centralized state administrative proceedings," E. Chemerinsky, *Federal Jurisdiction,* at 785 (4th ed.**2003**)--is appropriate in the following circumstances:

Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*New Orleans Public Serv., Inc.,* 491 U.S. at 361 (quoting *Colorado River,* 424 U.S. 800 at 814, 96 S.Ct. 1236, 47 L.Ed.2d 483); *see Hachamovitch v. DeBuono,* 159 F.3d 687, 697 (2d Cir.1998). The Second Circuit has said that the three factors that are pertinent to an analysis of *Burford* abstention are: (1) the degree of specificity of the state regulatory scheme; (2) the need to give one or another debatable construction to a state statute; and (3) whether the subject matter of the litigation is traditionally one of state concern. *Bethpage Lutheran Service v. Weicker,* 965 F.2d 1239, 1243 (2d Cir.1992).

As the First Circuit explained in a comprehensive analysis of *Burford* abstention in the context of a case that is virtually identical to this case, none of the circumstances or factors identified above is implicated in this case. See *Fragoso* 991 F.2d at 887; *see also Hachamovitch,* 159 F.3d at 698 ("We detect no federal meddling in an undeniably complex area of state concern, merely the analysis of what due process demands. The federal courts are well-placed to undertake such analysis without undue intrusion upon the states' interests and prerogatives"). Indeed, neither the Liquidator for Legion nor Connecticut's Guaranty Association is a party to this action; nor have they intervened to argue that a stay is essential to prevent "disrupt[ion] of the State's attempt to ensure uniformity in the treatment of an essentially local problem." See *New Orleans Pub. Serv., Inc.,* 491 U.S. at 364.

**\*3** Fourth and finally, the Court agrees with defendants that it **possesses undoubted** authority to issue a stay when the balance of hardships demonstrates that such relief is appropriate. See *Landis v. North American Co.,* 299 U.S. 248, 254-56, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to every court to control the disposition of the causes on its docket ... How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"). The Court is also mindful of, and sympathetic to, the impact that a denial of a stay may have on the defendants and the bargained-for protection they expected under Legion's insurance policy. In such circumstances, therefore, it might be appropriate to grant a brief stay to allow a defendant to work out alternative arrangements for handling a lawsuit. A brief stay might also be warranted in the interests of comity in certain cases to allow state regulators some time to account for the filing of a lawsuit against a defendant insured by an insolvent carrier. But after 22 months of delay, we are long past the time when arrangements for the timely defense of this case should have been made.

Defendants undoubtedly purchased insurance precisely so that they would not be required to pay the costs of defending actions such as this. But it is not plaintiffs' fault that defendants' insurer became insolvent. The Court sees no reason, therefore, why defendants' misfortune should be visited upon plaintiffs by denying them their federal right to a "just, speedy and inexpensive determination" of their constitutional claims. F.R.C.P. Rule 1; *see Stinson v. Hance,* 2002 Dist. LEXIS 24193, at \*9 (S.D.N.Y.2002) ("[T]here is no reason in law, logic or common sense to shift the burden of the insurer's insolvency to plaintiff").

Accordingly, the Motion for Stay Due to Liquidation [doc.# 31] is hereby DENIED.

IT IS SO ORDERED

D.Conn.,2003.
Grasso v. City of Ansonia
2003 WL 22918494 (D.Conn.)

Motions, Pleadings and Filings (Back to top)

- 3:02CV00455 (Docket) (Mar. 13, 2002)
END OF DOCUMENT

Copr. (C) 2004 West. No Claim to Orig. U.S. Govt. Works.