UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUCIANO PETROLITO, on behalf of
himself and all others similarly situated,
 Plaintiff,                                    CASE NO. 3:02CV 484 JCH (HBF)

v.

ARROW FINANCIAL SERVICES, LLC                  October 1 2004
Defendant.

PLAINTIFF'S OPPOSITION TO MOTION TO STAY

Defendant's Motion to Stay Order for Notice to the Class should be denied. This matter has been pending for over two years. Class members have a right to know that a certified class action is pending, and plaintiff's counsel have a correlative obligation to their class clients to inform them about the class so they can make timely decisions before memory fades, documents are discarded, and addresses changed. The notice to the class should go out, pending what could be substantial delay resolving the peripheral (and meritless) issue of whether there is an applicable arbitration provision and whether it is enforceable.

An Arbitration Clause Does Not Implicate Subject Matter Jurisdiction. Defendant's sole basis for a stay is that an arbitration clause invokes subject matter jurisdiction. Defendant cites no case law in support of this proposition, because there is none. On the face of the Federal Arbitration Act, 9 U.S.C. § 3, the court, "upon being satisfied that the issue involved in such suit is referable to arbitration," can stay the trial, "providing the applicant for the stay is not in default in proceeding with such arbitration." Section 4 of the FAA also recognizes that a court having jurisdiction may order arbitration on the application of any party who has not failed to comply with the arbitration agreement – as defendant has done here.

Subject matter jurisdiction attains pursuant to the Fair Debt Collection Practices Act, §1692k. Until the Court has been satisfied that the issue is referable to arbitration and defendant has not failed to comply with an arbitration agreement, no stay is warranted.

<u>Defendant has shown no basis for a stay.</u> The party seeking a stay has the burden to demonstrate "compelling reasons" in support of a stay. *See Stadler v. McCullock*, 882 F. Supp. 1524, 1527 (E.D. Pa. 1995); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("[t]he proponent of a stay bears the burden of establishing its need."). Because Rule 1 of the Federal Rules of Civil Procedure directs that the rules "be construed and administered to secure the just, speedy and inexpensive determination of every action," a stay should be considered an exception and not the rule. F.R.Civ. P. Rule 1. Here, the defendant has not met its burden to demonstrate "compelling reasons" for a stay.

<u>Postponing notice to the certified class is not a valid reason for a stay.</u> The decision by the Seventh Circuit in *Culver v. City of Milwaukee*, 277 F.3d 908, 914 (7th Cir. 2002), demonstrates that postponing notice to the class is not, and cannot be, a reason for a stay. In that case, the court considered whether absent class members are entitled to notice even though the class was *decertified*.

The appellate court first observed that the "filing of a class action suit tolls the statute of limitations for all members of the class." *Id.* (citations omitted). The court then noted that "when class certification is denied the statute resumes running for the class members." *Id.* (citations omitted). Unless class members are notified of a decertification or dismissal, the court reasoned, "they may fail to file their own suits and thus fail to 're-arrest' the statute of limitations." *Id.* (citations omitted). The Seventh Circuit then held that Rule 23(e) imposes a "nondelegable" duty on the district judge to "order notice unless the risk of prejudice to absent

2

class members is nil…." *Id*. at 915. Thus, under *Culver* and the fundamental principles of Rule 23(e), class members would be entitled to notice regardless of the outcome of Arrow's Motion to Dismiss.

Here, the risk of prejudice resulting from the absence of notice is far from "nil," because justice delayed is justice denied, particularly in view of the passage of time. Although an additional notice may be required in the event the class certification were reversed or modified, the mere fact of notice cannot, as a matter of law, provide a "compelling reason" for a stay in this Court. As recognized by the court in *Culver*, Rule 23 is intended to protect absent class members, not to keep them in the dark. *See id*. at 914-15. Therefore, Defendant's interest in delay is not a "compelling reason" for a stay. *Cf. Clinton v. Jones*, 520 U.S. at 708 (alleged "interference with President's duties" is an insufficient reason for a stay).

A stay will prejudice plaintiff and absent class members for some of the same reasons suggested in *Culver*. First, plaintiff and the class will be prejudiced by the delay of the litigation. Second, a stay may deprive plaintiff of the economies of scale he has relied upon in pursuing this case. *See Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 338 (1980) ("For better or worse, the financial incentive that class actions offer to the legal profession is a natural outgrowth of the increasing reliance on the "private attorney general" for the vindication of legal rights").

The interest of absent class members as well as the public interest also would be severely prejudiced by a stay. Class members have multiple interests in receiving notice of the class action "as soon as practicable"; in being able to decide whether to participate in the class action; and in preserving potential claims and defenses arising from Defendant's actions. The public interest is even more compelling, because the public is ill-served by the absence of

3

notice concerning Defendant's illegal activities. Timely and certain resolution of plaintiff's claims is, in fact, in the interest of Defendant, because the existence or not of a state-wide illegal debt collection activity should be conclusively determined sooner rather than later.

Against all of these interests Defendant alleges only that the purported recently discovered arbitration clause implicates the Court's jurisdiction. However, as shown above, that is a non-issue that Defendant should not be permitted to use to further delay this case. As outlined below, in a preview of plaintiff's substantive opposition to dismissal, the arbitration clause itself is a non-issue.

Defendant has waived arbitration. This matter was filed in March, 2002. Defendant's answer, filed in June, 2002, did not mention arbitration. The Motion for Class Certification was filed in April, 2002. Substantive discovery is yet to be undertaken as to the merits of the claim, with defendant now hinting that the facts contradict defendant's explicit and repeated representation to the class members and the courts that defendant purchased the accounts it was attempting to collect. There are now in excess of 114 numbered docket entries. The matter has been characterized by defendant's dilatory tactics, objections to discovery, multiple efforts to derail class certification, multiple requests for extensions of time. Defendant belatedly deposed plaintiff and then unsuccessfully sought even more belated discovery as to his ability to be a class representative. Even defendant's apparent willingness to engage in settlement discussions now appears to have been a dilatory tactic, with its eve-of-conference draft motion to dismiss, finally filed a week later. At this late date, after so much protracted and expensive litigation, Arrow has waived arbitration. *E.g.*, PPG Indus., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103, 107 (2d Cir. 1997); Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir. 1991). In Cotton v. Slone, 4 F.3d 176 (2d Cir. 1993), the court stated.

4

> Slone actively litigated this dispute in federal court. Discovery was conducted by both parties, with Slone initiating at least two depositions, including those of Cotton and her expert witness. Slone made several substantive motions, including one for summary judgment. In resisting discovery, Slone repeatedly invoked and submitted himself to the powers and procedures of the district court: he sought extensions of time and revisions of the discovery schedule, and at least twice sought protective orders which were denied. Slone's conduct has imposed unnecessary expense and delay on Cotton, which would be compounded if she were now required to arbitrate her claim. Meanwhile, Slone has secured for himself the benefits of pretrial discovery that is often unavailable in an arbitral forum. See *Zwitserse Maatschappij van Levensverszekering en Lijfrente v. ABN Int'l Capital Markets Corp.*, 996 F.2d 1478, 1480 (2d Cir. 1993) (per curiam) (waiver found where party litigated for over a year in non-U.S. judicial forum and engaged in discovery not available in arbitration). The resulting prejudice to Cotton compels a finding of waiver.

Id. at 179-80.

Defendant has not shown the existence of an applicable arbitration clause. Plaintiff will file a detailed opposition to defendant's Motion to Dismiss and Compel Arbitration. Preliminarily, plaintiff notes that Defendant has submitted a conclusory and factually unsupported affidavit asserting that an arbitration clause pertains to plaintiff's 1996 contract, with the appended unsigned and incomplete document being dated 2003 (after this suit was filed). Defendant has not submitted any probative evidence that an arbitration clause ever existed as to this plaintiff's account. *See Perry v. FleetBoston Financial Corp.*, 2004 WL 1508518 (E.D. Pa. July 6, 2004) (arbitration clause did not bind consumers who did not use credit cards prior to addition of clause). Moreover, on its face, the arbitration clause does not apply because this FDCPA suit does not arise from or relate to the contract, but concerns only the separate and distinct illegality of the collection attempt itself, years later, having nothing to do with the contract. The clause, on its face, applies to third parties (such as Arrow is now hinting that it is), only if Arrow and First Premiere are co-defendants. In sum, Arrow's belated arbitration motion will be shown to be so significantly defective (aside from the FAA's

5

provisions showing that the case cannot be dismissed for lack of jurisdiction) that arbitration should not be compelled.

## CONCLUSION

Because there is no possible basis to dismiss based on lack of jurisdiction, there is no basis for a stay of the notice to class members. Defendant should comply with the Court's Order to turn over the class list so that notice may be sent.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
      JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

DAVID A. SEARLES
Donovan Searles, LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
(215) 732-6067
(215) 732-8060 (fax)
dsearles@donovansearles.com

JAMES A. FRANCIS
Francis & Mailman, P.C.
19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
(215) 940-8000  (fax)
jfrancis@consumerlawfirm.com

   This is to certify that the foregoing and attached was mailed on September 30, 2004, postage prepaid, to:

Ann H. Rubin
P.O. Box 1110
Waterbury CT 06721-1110

                  __/s/ Joanne S. Faulkner__
                  Joanne S. Faulkner