UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUCIANO PETROLITO, on behalf of himself and all others similarly situated | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV00484(JCH)(HBF) |
| vs. | : | |
| | : | |
| ARROW FINANCIAL SERVICES, LLC | : | |
| | : | |
| Defendant. | : | October 18, 2004 |

**DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO STAY COURT ORDER
FOR NOTICE TO THE CLASS**

**I.    BACKGROUND**

Defendant's Motion to Dismiss and to Compel Arbitration and Defendant's Motion to Stay Court Order for Notice to the Class are currently pending before this Court. In the Motion to Stay, defendant, Arrow Financial Services, LLC ("Arrow"), has asked the Court to stay all proceedings, including enforcement of the Court's July 23, 2004 order setting forth the terms and timing of class notice, pending the Court's ruling on Arrow's Motion to Dismiss. The Court had previously stayed implementation of the July 23, 2004 order until a mediation had taken place, which occurred on September 20, 2004. For the reasons stated below and those stated in the Motion to Stay, the Court should grant the defendant's Motion to Stay pending the Court's ruling on the Motion to Dismiss.

## II. ARGUMENT

### A. A Valid Arbitration Clause Implicates the Court's Subject Matter Jurisdiction

The plaintiff has argued that, "on the face of the Federal Arbitration Act," an arbitration clause does not implicate the Court's subject matter jurisdiction. In fact, Section 4 of the Federal Arbitration Act (the "FAA") reads, in relevant part:

> **Failure to Arbitrate Under Agreement; Petition to United States Court Having Jurisdiction for Order to Compel Arbitration; Notice and Service Thereof; Hearing and Determination**: A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court *which, save for such agreement, would have jurisdiction under title 28*, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. (Emphasis added).

Contrary to plaintiff's claim, therefore, *on the face of the FAA*, an arbitration agreement divests the court of jurisdiction.

In <u>Allied-Bruce Terminix Cos. V. Dobson</u>, 513 U.S. 265, 291 (1995), the United States Supreme Court has stated that Sections 3 and 4 of the FAA, "without expressly taking away this [subject-matter] jurisdiction, clearly rest on the assumption that federal courts have jurisdiction to enforce arbitration agreements only when they *would have had* jurisdiction over the underlying dispute. In other words, the FAA treats arbitration simply as one means of resolving disputes that lie within the

jurisdiction of the federal courts; it makes clear that the breach of a covered arbitration agreement does not itself provide any independent basis for such jurisdiction." (Emphasis added).

This court has recently reviewed the prevailing judicial interpretations of the FAA's use of the phrase "save for such agreement" with respect to its jurisdiction to examine the merits of a case that is properly referable to arbitration. Discount Trophy & Co., Inc. v. Plasitic Dress-Up Co., 2004 WL 350477 (D. Conn.). The court clarified that, although the FAA "leaves no place for the exercise of discretion ..., courts may need to decide certain 'gateway matters,'" Id. at * 3. Thus, the court looked into the merits of the case only to the extent necessary to impose a preliminary injunction, reasoning th "in many instances, it is by freezing the status quo that the meaningfulness of arbitration is best protected." Id. at * 8. Otherwise, "having concluded that ... claims should be submitted to arbitration, [a] court lack[s] power to proceed ... to the merits of those claims." Meyer v. Dans un Jardin, S.A., 816 F.2d 533, 538 (10th Cir. 1987)

That reasoning applies to this case as well. Arrow has "ma[de] it clear that it [i]s seeking enforcement of the arbitration agreement in its motion to dismiss." Thompson v. Nienaber, 239 F. Supp. 2d 478, 483 (D.N.J. 2002). Accordingly, Arrow has "sufficiently invoked the full spectrum of remedies under the FAA." Id. The FAA, "on its face," divests the court of the subject matter jurisdiction that it would have had "save for ... [the] written agreement for arbitration" that obtains in this case.

{W1322630} CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3

9 U.S.C. § 4. Accordingly, the plaintiff's argument, more properly addressed to Arrow's Motion to Dismiss and to Compel Arbitration, is simply incorrect.

**B.     The Defendant Has Met Its Burden Of Establishing The Need For A Stay**

The plaintiff has characterized the standard for granting a stay as requiring the movant to show "compelling reasons" for the stay. The plaintiff has drawn this language from a 1995 case in the Eastern District of Pennsylvania in which the court *granted* a stay upon consideration of "the time and effort of counsel and the litigants with a view toward a policy of avoiding piecemeal litigation." Stadler v. McCulloch, 882 F. Supp. 1524, 1527 (E.D. Pa. 1995). In that case, the court delayed class certification to avoid the subsequent need to "entertain requests to decertify, narrow, or expand the class later." Id.

Arrow has argued that all of the plaintiff's claims must be submitted to mandatory arbitration. At the very least, a ruling on the question of arbitrability could impact the class as currently certified, because a determination would have to account for all unnamed class members whose accounts are subject to mandatory arbitration. Thus, a stay of notice is warranted pending the Court's disposition of Arrow's Motion to Dismiss and to Compel Arbitration.

Moreover, the plaintiff has ignored the fact that this case, unlike the case from the Eastern District of Pennsylvania, implicates the FAA. Indeed, the Third Circuit might *generally* consider a stay to be an "extraordinary measure." Stadler, 882 F. Supp. at 1527, citing U.S. v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994). However, in an FAA case, the

{W1322630}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110    4
Waterbury, CT 06721-1110
Telephone: 203 573-1200

granting of a motion to stay is a matter of statutorily mandated course. See 9 U.S.C. § 3. Indeed, as expressed in Discount Trophy & Co., Inc. v. Plasitic Dress-Up Co., 2004 WL 350477 * 3 (D. Conn.), this Court is left with "no place for the exercise of discretion" in granting a motion to stay once a valid arbitration clause has been invoked. A stay in an FAA case is not "extraordinary" at all.

The logic behind extending the statutory stay to all pending motions until there is a ruling on the Motion to Dismiss is compelling. When arbitration is actually pending, even proceedings not referable to arbitration are properly stayed pursuant to a district court's inherent powers. See, e.g., Sierra Rutile Ltd. V. Katz, 937 F.2d 743, 750 (2d Cir. 1991); see also Nederlandse Erts – Tankersmaatschappij v. Isbrandtsen, 339 F.2d 440, 441-42 (2d Cir. 1964). The defendant is requesting that the Court exercise its statutory or inherent power to stay proceedings on its docket until it has ruled on a motion to compel arbitration. The granting of that motion would effectively stay class notice; denial of that motion would neither unduly delay it nor burden the plaintiff. Accordingly, the requested stay is warranted.

The court in Stadler, the case cited by plaintiff, granted the requested stay, despite its recognition "that this action was commenced almost two years ago and [we] are anxious to achieve its resolution." In this case, the FAA mandates a stay, and a "just, speedy, and inexpensive determination" of this action will be most effectively reached through enforcement of the mandatory arbitration to which the plaintiff agreed. See Fed. R. Civ. P. 1 (the Federal Rules "shall be construed and administered to secure the just,

speedy, and inexpensive determination of every action"); see also, e.g., Conticommodity Serv., Inc. v. Philipp & Lion, 613 F.2d 1222, 1224 (2d Cir. 1980) ("Arbitration is intended to provide the parties to a dispute with a speedy and relatively inexpensive trial before specialists").

C.  **A Stay Of Class Notice Is Warranted In This Case**

The plaintiff cites Culver v. City of Milwaukee, 277 F.3d 908 (7th Cir. 2002), to support the claim that "postponing notice to the class is not, and cannot be, a reason for a stay." Pl. Br. at p. 2. The Culver decision is simply not applicable to the facts of this case.

In the Culver decision, the court was "mindful" that many cases and treatises would not have required class notice where a suit is dismissed after "an adjudication on the merits," and it emphasized that it is not "definitely settled" whether class notice is required where an action is dismissed before the class is certified. Culver, 277 F.3d at 914. In fact, class notice is only required by Fed. R. Civ. P. 23(e) with respect to settlements, not dismissals. Id. In requiring class notice within the specific facts of the Culver case, the court was clearly displeased with the "lackadaisical manner" in which the plaintiff had "pursued the suit." Id. at 912. "In the eight years that it has been pending, [the plaintiff] has yet to identify any other members of either the larger class or his subclass. He has done nothing to move the case forward except file a flurry of frivolous

CARMODY & TORRANCE LLP
Attorneys at Law
{W1322630}
50 Leavenworth Street
Post Office Box 1110   6
Waterbury, CT 06721-1110
Telephone: 203 573-1200

motions to recuse the various district judges who have succeeded each other in the unrewarding task of shepherding this case." Id.

Culver articulates three refinements of its holding requiring class notice. The first of these is that if there is "no prejudice," class notice will not be ordered. Culver, 277 F.3d at 915. In this case, the plaintiff's claim of prejudice is that a stay would delay justice, and that, "justice delayed is justice denied." Pl. Br. at p. 3. "While this truism is of undoubted continuing validity, it lies beyond our authority to say whether it should be applied to this case." Strachan v. Colon, 941 F.2d 128, 129 (2d Cir. 1991). The plaintiff must raise his claims in the proper forum, or else justice will be unavoidably both denied and delayed. See id.

The plaintiff also complains that a stay will somehow deprive him of the "economies of scale he has relied upon in pursuing this case." Pl. Br. at p. 3. This argument is disingenuous. The plaintiff agreed to forgo whatever "economies of scale" were arguably afforded to him by the class action vehicle when he accepted the terms of his credit card. He agreed that all claims would be submitted to arbitration between him, as an individual, and the creditor, as defined in the agreement.

Clearly, it is only plaintiff's counsel who has relied on the asserted "economies of scale" from which counsel hopes to benefit. "Realistically, functionally, practically, [counsel are] the class representative[s], not [Mr. Petrolito]. 'Experience teaches that it is counsel for the class representative and not the named parties, who direct and manage these actions. Every experienced federal judge knows that any statements to the contrary

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

7

is [sic] sheer sophistry.'" Culver, supra, at 913, citing Greenfield v. Villager Industries, Inc., 483 F.2d 824, 832 n.9 (3d Cir. 1973); see also Mars Steel Corp. v. Continental Illinois National Bank & Trust Co., 834 F.2d 677, 681 (7th Cir. 1987). The plaintiff has failed to show that the bare assertion of prejudice to the "economies of scale" favorable only to his counsel should obviate the granting of a stay contemplated very concretely by the FAA. Accordingly, the Court should grant Arrow's Motion to Stay.

### D. The Defendant Has Not Waived Arbitration

Plaintiff notes at page 4 of his Brief, "[s]ubstantive discovery is yet to be undertaken as to the merits of the claim." To date, the case has not advanced beyond the Complaint, the Answer, and proceedings for class certification, in other words, the incidences of the plaintiff's having initiated a class action lawsuit contrary to his agreement with the credit card company. Arrow asserted the arbitration provision as soon as it was discovered, and had *bona fide* reasons for having only recently discovered the existence of the arbitration provision.[1]

"The rule preferring arbitration, when agreed upon, ha[s] led to its corollary that any doubts concerning whether there has been a waiver are resolved in favor of arbitration." Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995). In light of this presumption, a waiver of arbitration "is not to be lightly inferred." Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985). Three

---

[1] Arrow only recently obtained a copy of the agreement from First Premier Bank when Arrow learned of a similar arbitration provision through an entirely unrelated matter.

factors are considered in determining whether a party has waived its right to arbitration: (1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice. Leadertex, id. As the Second Circuit held in Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 134 (2d Cir. 1997), "prejudice as defined by our cases refers to the inherent unfairness — in terms of delay, expense, or damage to a party's legal position — that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." Prejudice does not refer to enforcing a bargained-for agreement, even where such enforcement will obligate a party to litigate in more than one forum. See Moses H. Cone Mem'l Hosp., 460 U.S. 1, 20 ("Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."). See also Louis Dreyfus Negoce v. Blystad Shipping, 252 F.3d 218, 229-230 (2d Cir. 2001).

Nevertheless, a party does waive this right when he engages in "protracted litigation," Com-Tech Assoc. v. Computer Assoc., 938 F.2d 1574, 1576 (2d Cir. 1991), that results in prejudice to the opposing party. "[W]aiver of the right to compel arbitration due to participation in litigation may be found only when prejudice to the other party is demonstrated." Rush, 779 F.2d at 887. "Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

9

postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." Kramer v. Hammond, 943 F.2d 176, 179 (2nd Cir. 1991); citing Com-Tech, 938 F.2d at 1576; Rush, 779 F.2d at 887-88. "No bright line defines this second type of prejudice — neither a particular time frame nor dollar amount automatically results in such a finding — but it is instead determined contextually, by examining the extent of the delay, the degree of litigation that has preceded the invocation of arbitration, the resulting burdens and expenses, and the other surrounding circumstances." Kramer v. Hammond, id.

In Kramer, for instance, the defendant, over four years, had "engaged in extensive pretrial litigation, apparently designed to wear down his opponent." Kramer, 943 F.2d at 179. "[B]efore invoking the arbitration clause, Kramer had litigated issues to the highest state courts of New York and South Carolina, and had petitioned the United States Supreme Court for a writ of certiorari." Id. Those issues included summary judgment motions relating to, inter alia, "six affirmative defenses and four counterclaims." Id. Such "actions suggest[ed] a disingenuousness that the presumption in favor of arbitration was not intended to protect." Kramer, at 180.

In this case, by contrast, "there were sound, nonprejudicial reasons to justify the delays and the additional expenses incurred when [Arrow] did not immediately invoke arbitration." Kramer, at 180. As the court is aware, plaintiff's initial motion for class certification (dated April 26, 2002) was denied by the court on March 17, 2003, notwithstanding that Arrow had not asserted the arbitration provision at that

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

10

point. Plaintiff was permitted to re-file the motion, and did so on May 12, 2003. The court order granting class certification was dated March 5, 2004, almost two years after the plaintiff filed his initial motion. Obviously, Arrow could only have benefited from raising the arbitration issue sooner. Arrow seeks a speedy disposition of this case and has not engaged in dilatory tactics, notwithstanding the plaintiff's contentions to the contrary. Arrow has not waived arbitration and respectfully requests that the Court grant its Motion to Stay.

E.  **The Plaintiff's Claims Are Subject To A Valid, Applicable Arbitration Clause**

As the Plaintiff correctly implies at page 5 of his Brief, the Motion to Stay and the reply briefs relating to it do not constitute the proper forum in which to argue the validity of the arbitration provision at issue in this case. Arrow has filed a Memorandum of Law in support of its Motion to Dismiss and to Compel Arbitration in which that question is fully briefed. Arrow awaits the opportunity to reply to the "detailed opposition" that the plaintiff promises to file.

Nonetheless, it should be clear that any doubts regarding the validity or the applicability of the arbitration clause should be resolved before this litigation proceeds any further. Federal policy, as well as state policy, impels resolution of any ambiguity in favor of arbitration. Furthermore, the plaintiff's arguments discrediting the arbitration clause bear no analytical weight on the outcome of the Motion to Stay. After all, Arrow has moved to enforce the arbitration clause and, further, to stay the proceedings until the

Court rules on that motion. The plaintiff's attempt to thwart the stay by challenging the Motion to Dismiss is circular; the plaintiff is merely arguing that validly argued points in favor of arbitration would warrant the stay but that the defendant's points are not valid. Arrow would not expect the plaintiff to claim otherwise, but the proper context for that argument is the plaintiff's opposition to the Motion to Dismiss and to Compel Arbitration. Until the pending motion is resolved, the Court should continue to stay its July 23, 2004 order requiring notification of the class.

### III. CONCLUSION

WHEREFORE, Arrow respectfully requests that the Court grant its Motion to Stay the Order providing for notice to the class.

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

12

THE DEFENDANT,
ARROW FINANCIAL SERVICES LLC


BY: _____
Ann H. Rubin
Federal Bar No. ct 04486
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110
(203) 573-1200
Its Attorneys

{W1122630}

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

13

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

David A. Searles
Donovan Searles, LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103

James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

*Courtesy Copy:*

Magistrate Judge Holly B. Fitzsimmons
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

Ann H. Rubin

{W1322630}

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

14