**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LUCIANO PETROLITO, on behalf of himself and all others similarly situated | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02CV00484(JCH)(HBF) |
| vs. | : | |
| | : | |
| ARROW FINANCIAL SERVICES LLC | : | |
| | : | |
| Defendant. | : | March  31 , 2005 |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, ON CONSENT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and with the consent of the defendant, the plaintiffs move for leave to file an Amended Complaint, a copy of which is submitted with this motion, for the sole purpose of implementing the pending agreement to settle this case.  Plaintiffs move for leave to file the Amended Complaint in this class action, to add Joseph Crisco as a representative plaintiff, and to enlarge the time period covered by the complaint.  Both of these amendments are required to implement the pending settlement of this case. Plaintiff further requests that the amendment be deemed filed on the date, if any, this motion is granted.

Defendant's consent to the proposed Amended Complaint is submitted with this motion.

Dated:  March 31, 2005                              Respectfully Submitted,

                                                   __/s/ **Joanne S. Faulkner**____
                                                   **JOANNE S. FAULKNER ct04137**
                                                   Joanne S. Faulkner
                                                   123 Avon Street
                                                   New Haven, CT 06511-2422
                                                   (203) 772-0395

**DONOVAN SEARLES, LLC**
David A. Searles, Esquire
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
(215) 732-6067

**FRANCIS & MAILMAN, P.C.**
James A. Francis
Mark D. Mailman
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUCIANO PETROLITO, and JOSEPH J. CRISCO, JR.
on behalf of themselves and all others similarly situated,

      Plaintiffs,

    v.                            CASE NO. 3:02CV 484 JCH

ARROW FINANCIAL SERVICES, LLC
      Defendant.                   March 31, 2005

## AMENDED COMPLAINT -- CLASS ACTION

## INTRODUCTION

1.  Plaintiffs bring this class action against defendant to obtain relief for themselves and the classes they propose to represent for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692d, -e, or -f ("FDCPA") and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a.

2.  The FDCPA protects the least sophisticated consumer from oppressive, false, misleading, or unfair collection tactics. Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).

3.  The FDCPA or CUTPA is violated by omission as well as by affirmative misrepresentations as to the character or legal status of the debt. 15 U.S.C. § 1692e(2), (5), (10); §1692f(1); Ingham v. Eastern Air Lines, Inc., 373 F.2d 227, 239 (2d Cir. 1967); Bailey Employment System, Inc. v. Hahn, 545 F. Supp. 62, 67 (D. Conn. 1982), aff'd, 723 F.2d 895 (2d Cir. 1983).

4.  The FDCPA was enacted to insure that debt collectors who refrain from using

abusive collection practices are not competitively disadvantaged. 15 U.S.C. §1692(e).

5.   A violation of state law is also a violation of the FDCPA. <u>Picht v. Jon R. Hawks, Ltd.,</u> 236 F.3d 446, 448 (8th Cir. 2001) ("The FDCPA prohibits, inter alia, the use of debt collection practices that violate state law."); <u>Gaetano v. Payco</u>, 774 F. Supp. 1404, 1415 & n.8 (D. Conn. 1990) (violation of the Consumer Collection Agency Act, now codified at Conn. Gen. Stat. §36a-800).

## <u>JURISDICTION</u>

6.   This court has jurisdiction under 15 U.S.C. §1692k(d) and 28  U.S.C. § §1337. Venue in this district is appropriate because defendant's collection demands were received in Connecticut; all class members are located in Connecticut; and defendant intentionally aimed the activities at issue toward Connecticut residents.

## <u>PARTIES</u>

7.   Plaintiff, Luciano Petrolito, is a natural person who resides in Hartford, Connecticut.

8.   Plaintiff, Joseph J. Crisco Jr., is a natural person who resides in Woodbridge Connecticut.

9.   Each Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

10. Defendant is a debt collector within the FDCPA.

11. Defendant is licensed as a Consumer Collection Agency by the Banking Department of the State of Connecticut.

4

12. Over 60% of Arrow's current business is the purchasing or servicing of charged-off debt portfolios, directly or through a related entity.

13. Sometime in or about 1997, Plaintiff Petrolito entered into a credit card agreement with First Premier Bank for personal, family or household use.

14. In or about 2001, defendant purports to have purchased Mr. Petrolito's account for pennies on the dollar.

15. At the time of the defendant's purported purchase, no payments had been made on Mr. Petrolito's account for at least two years and First Premier had charged it off.

16. Defendant caused to be served upon plaintiff Petrolito a state court complaint seeking to collect a balance of  the plaintiff's account, alleging, inter alia, that defendant had issued the card and that Defendant was in the business of issuing and maintaining credit card accounts.

17. The allegations were untrue.

18. Sometime before 1994, plaintiff Crisco entered into a MasterCard agreement with Citibank.

19.  Defendant purported to purchase Mr. Crisco's account for pennies on the dollar.

20. At the time of the defendant's purported purchase, no payments had been made on Mr. Crisco's account since 1994.

21. In 1999, Defendant caused to be served upon plaintiff  Crisco a state court complaint seeking to collect a balance of  the plaintiff's account, alleging, inter

5

alia, that defendant had "purchased title to this debt for valuable consideration and as such is the bona fide owner of the debt."

## PRACTICES COMPLAINED OF

22. It is the practice and policy of defendant to file lawsuits seeking a balance due on debts purchased by defendant or its assignor after the original creditor had charged off the debt.

23. It is the practice and policy of Arrow to accept assignment of debt for the purpose of instituting suit thereon, on its own behalf or that of others.

24. It is the policy and practice of defendant to forward to Connecticut counsel for collection, including litigation, an account which it has purported to purchase.

13. Defendant has sought recovery from plaintiff and others based on a form complaint which misrepresents the character and legal status of the obligation.

14. Defendant has sought recovery from plaintiffs and others in violation of the Connecticut Consumer Collection Agency Act which expressly prohibits Arrow from attempting to collect or sue on the purchased or assigned accounts. Section 36a-805 provides, "No consumer collection agency shall: . . . (3) purchase or receive assignments of claims for the purpose of collection or institute suit thereon in any court."

## CLASS ALLEGATIONS

22. This action is brought on behalf of a one-year FDCPA class and a three year CUTPA class which consists of all Connecticut residents who satisfy the following criteria: all residents of the State of Connecticut from whom, during the period

6

from March 20, 1999 through March 31, 2005, Arrow sought to collect a non-business debt which it purported to have purchased or received assignment of after the debt had been written off by the original holder, but not including such residents who have obtained a bankruptcy discharge of such debt or who are deceased

23. The class is so numerous that joinder of all members is impractical.  There are at least forty class members in the Class.

24. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  The principal questions presented are whether defendant committed unfair, deceptive or oppressive acts by seeking  payments or judgments even though Connecticut law prohibited them from purchasing or taking assignment of  debt for collection.

25.     The only individual issue is the identification of the consumers who are class members, a matter capable of ministerial determination from defendant's records.

26. Plaintiffs' claims are typical of those of the class members.  All are based on the same factual and legal theories.

27. Plaintiffs will fairly and adequately represent the class members.  Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims.

28.  A class action is superior for the fair and efficient adjudication of the class members' claims. The class members' rights will not be vindicated in the absence

{N0729829}

of a class action.

29. The defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### RELIEF REQUESTED FOR CLASS

WHEREFORE, plaintiffs request that the Court grant the following relief in his favor and in favor of the class and against defendants:

a.  The maximum amount of statutory damages provided under 15 U.S.C. § 1692k

b.  Actual damages consisting of any amounts paid by the consumers within three years before this action as a result of defendant's collection efforts based on debts which it purported to have purchased or received assignment.

c. Attorney's fees, litigation expenses and costs.

d. Appropriate injunctive and declaratory relief, including disgorgement of all amounts received from class members and an order that the defendant take whatever steps are necessary to reverse the adverse effect caused by defendant's violation of Connecticut law.

e. Such other and further relief as the court deems appropriate.

{N0729829}

THE PLAINTIFFS


BY___/s/ Joanne S. Faulkner ___
JOANNE S. FAULKNER ct04137

123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

DAVID A. SEARLES
Donovan Searles, LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
 (215) 732-6067
 (215) 732-8060 (fax)
dsearles@donovansearles.com


JAMES A. FRANCIS
Francis & Mailman, P.C.
19th Floor
100 South Broad Street
Philadelphia, PA 19110
 (215) 735-8600
(215) 940-8000  (fax)
jfrancis@consumerlawfirm.com

{N0729829}

Certificate of Service

I hereby certify that on March 31, 2005, a copy of foregoing Motion and Proposed
Amended Complaint was filed electronically. Notice of this filing will be sent by e-mail to
all parties by operation of the Court's electronic filing system. Parties may access this
filing through the Court's system.

_____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

{N0729829}