UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUCIANO PETROLITO and ) <br> JOSEPH J. CRISCO, ) <br> on behalf of themselves and all ) <br> others similarly situated, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> ARROW FINANCIAL SERVICES, ) <br>  L.L.C. ) <br> Defendant. ) <br>   ) | C. A. No. 3:02 CV 484 JCH (HBF) |

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
<u>SETTLEMENT AND NOTICE TO CLASS</u>**

Pursuant to Fed. R. Civ. P. 23(c) and for the reasons set forth more fully in the attached Memorandum of Law, plaintiffs Luciano Petrolito and Joseph J. Crisco hereby move the Court for an Order preliminarily approving the settlement of this class action, approving the form and method for providing class-wide notice and scheduling a hearing at which the following will be considered: request for final approval of the proposed settlement, entry of the Final Judgment and Order, plaintiffs' application for attorneys' fees, costs and expenses, and award to the representative plaintiffs.

Dated:  March 31, 2005                Respectfully Submitted,


                         _/s/ Joanne S. Faulkner___
                         **JOANNE S. FAULKNER ct04137**
                         Joanne S. Faulkner
                         123 Avon Street
                         New Haven, CT 06511-2422
                         (203) 772-0395

**DONOVAN SEARLES, LLC**
David A. Searles, Esquire
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

**FRANCIS & MAILMAN, P.C.**
James A. Francis
Mark D. Mailman
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs and the Class

Certificate of Service

I hereby certify that on March 31, 2005, a copy of foregoing Motion was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

       ____/s/ Joanne S. Faulkner___
        JOANNE S. FAULKNER ct04137
        123 Avon Street
        New Haven, CT 06511-2422
        (203) 772-0395
      j.faulkner@snet.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUCIANO PETROLITO on behalf of himself and all others similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> ARROW FINANCIAL SERVICES LLC </br> Defendant. | C. A. No. 3:02CV 484 JCH (HBF) |

**ORDER OF PRELIMINARY APPROVAL**

AND NOW, this ___ day of _____, 2005, upon consideration of the Motion for Preliminary Approval of Settlement and Notice to Class, the Court having reviewed such Motion and the Settlement Agreement attached thereto, and the supporting papers submitted therewith, and the Court being fully advised in the premises, and it appearing as a preliminary matter as follows:

A. The "Class" (defined below) includes approximately 42,800 members and is so numerous that joinder of all members is impracticable;

B. There are questions of law and/or fact common to the Class;

C. The claims of Plaintiffs Luciano Petrolito and Joseph Crisco are typical of the claims of the Class;

D. Plaintiffs will fairly and adequately protect the interests of the Class;

E. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk

of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

  F. Plaintiffs contend that Defendant Arrow Financial Services LLC ("Arrow") has acted or refused to act on grounds generally applicable to the Class;

  G. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members; and

  H. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    It is, therefore, hereby ORDERED that:

  1. A class (the "Class") is provisionally certified for settlement purposes only, comprised of the following: all residents of the State of Connecticut from whom, during the period from March 20, 1999 through March 31, 2005, Arrow sought to collect a non-business debt which it purported to have purchased or received assignment of after the debt had been written off by the original holder, but not including such residents who have obtained a bankruptcy discharge of such debt or who are deceased.

  2. The Court certifies Luciano Petrolito and Joseph Crisco as representatives of the Class ("Class Representatives").

  3. The Court certifies Joanne S. Faulkner, Esq., David A. Searles of the firm Donovan Searles, LLC, and James A. Francis of the firm Francis & Mailman, P.C. as counsel to the Class Representatives and the Class ("Class Counsel").

4. The proposed settlement as set forth in the Settlement Agreement executed by the parties is preliminarily approved as fair, reasonable and adequate, subject to a hearing as provided herein for final approval.

5. A hearing ("Final Approval Hearing") is hereby set for _____, 2005 at _____-.m., in Courtroom \_\_\_\_, United States Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut to determine whether the proposed settlement is fair, reasonable and adequate, and should be finally approved, and to consider an award of reasonable attorneys' fees and expenses and awards to the Class Representatives.

6. Notice of the proposed settlement and of the Final Approval Hearing shall be given by the Settlement Administrator by mailing, by first-class mail, a Notice of Class Action and of Proposed Settlement (the "Notice"), in substantially the form attached as Exhibit B to the Settlement Agreement, individually addressed to each person meeting the above Class definition at his or her last known address in the Defendant's records, which addresses Arrow shall update by running them through the United States Postal Services National Change of Address system before providing the addresses to the Settlement Administrator, within 30 days after the date of this Order. The Settlement Administrator shall also send a Claim Form substantially in the form of Exhibit C to the Settlement Agreement to each of the approximately 4,600 members of the Class who paid all or part of a sum demanded by Arrow during the relevant time period.

7. A member of the Class may opt out of the Class at any time prior to 30 days from the date of the Notice. To opt out of the Class, a Class member must complete and return to the Settlement Administrator a request for exclusion, as described in the Notice, which request for exclusion shall be post-marked no later than thirty (30) days from the date of the Notice (the

3

"Opt-Out Date"). Any member of the Class who opts out shall not be subject to the Settlement Agreement or any final judgment in this case.

8. Any Class member or other person who wishes to object to the settlement, to the application for an award of attorneys' fees, to the application for reimbursement of litigation expenses, or to the application for a settlement award to the Representative Plaintiffs must do so by filing with the Court a written objection no later than thirty (30) days from the date of the Notice and must serve copies of such objections by hand delivery, facsimile transmission or certified mail on Class Counsel and Arrow's counsel. Class members and any other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and Arrow's counsel, shall not be heard during the Final Approval Hearing and the Court will not consider their objections; however, such objectors shall remain fully entitled to opt out of the Class through the Opt-Out Date.

9. This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any liability, fault, or wrongdoing by Defendant; or (2) the appropriateness of any measure of alleged loss or damages. If the Settlement Agreement is terminated pursuant to its terms, or if the settlement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

BY THE COURT:

_____
Janet C. Hall, U.S.D.J.

Certificate of Service

I hereby certify that on March 31, 2005, a copy of foregoing Motion was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>        ____/s/ Joanne S. Faulkner___
>             JOANNE S. FAULKNER ct04137
>             123 Avon Street
>             New Haven, CT 06511-2422
>             (203) 772-0395
>         j.faulkner@snet.net