### AGREEMENT OF SETTLEMENT

This Agreement of Settlement is entered into this 31st day of March, 2005, by and between Luciano Petrolito ("Petrolito") and Joseph Crisco ("Crisco") (together, the "Representative Plaintiffs") on behalf of themselves and settlement classes of similarly situated persons ('the Class"), and Defendant Arrow Financial Services LLC ("Defendant" or "Arrow");

WHEREAS, on March 20, 2002, Petrolito filed a complaint initiating class action litigation against Defendant in *Petrolito v. Arrow Financial Service LLC*, No. 3:02 CV 484 (District of Connecticut) brought pursuant to the federal Fair Debt Collection Practices Act ("FDCPA") and the Connecticut Unfair Trade Practices Act ("CUTPA");

WHEREAS, on September 26, 2002, Crisco commenced class action litigation against Defendant in *Crisco v. Arrow Financial Services LLC*, State of Connecticut Superior Court for the Judicial District of New Haven, which action was transferred on November 22, 2002 to the Complex Litigation Docket, Judicial District of Waterbury at Waterbury, Docket No. X02-CV-02-0175840S brought pursuant to CUTPA (the *Petrolito* case and the *Crisco* case are collectively referred to as the "Actions");

WHEREAS, on December 4, 2002, Defendant filed a Motion to Dismiss in the *Petrolito* case, which Petrolito opposed;

WHEREAS, on April 26, 2002, Petrolito filed a Motion for Class Certification in the *Petrolito* case, which Defendant opposed;

WHEREAS, on March 17, 2003, the Court denied without prejudice the Motion for Class Certification and the Motion to Dismiss in the *Petrolito* case;

WHEREAS, on May 12, 2003, Petrolito renewed his Motion for Class Certification, which Defendant opposed;

WHEREAS, on April 8, 2004, the Court entered an Order in the *Petrolito* case in which it granted plaintiff's Motion for Class Certification and certified Mr. Petrolito as class representative and his counsel as class counsel, *see Petrolito v. Arrow Financial Service, LLC*, 221 F.R.D. 303 (D. Conn. 2004);

WHEREAS, prior to or concurrent with seeking preliminary approval of the settlement, Plaintiffs shall file a Second Amended Complaint adding the claims presently asserted in the *Crisco* case to the claims already pending in the *Petrolito* case; adding Joseph Crisco as an additional named plaintiff and class representative; and, amending the definition of the Class to comport with Paragraph 1 herein. Defendant shall stipulate to the amendment. If and when the Settlement Agreement receives final approval from the District Court and the Second Amended Complaint is filed with the District Court, the parties will dismiss the *Crisco* case with prejudice;

WHEREAS, the parties have engaged in serious and protracted negotiations in an attempt to settle the Actions;

WHEREAS, Arrow has represented that (a) approximately 42,800 persons fall within the definition of the Class; and (b) approximately 4,600 members of the Class have paid all or part of a sum demanded by Defendant during the relevant time period, and the Representative Plaintiffs have relied upon those representations in entering into this Settlement Agreement;

WHEREAS, uncertainty exists as to the potential liability of Arrow in the Actions or as to the nature and amount of relief, if any, to which the Representative Plaintiffs and the members of the Class may be entitled in the Actions if liability is imposed on Defendant;

WHEREAS, Arrow denies all allegations of wrongdoing and liability asserted in the Actions and maintains that it has conducted its dealings with the Representative Plaintiffs and the Class members in a lawful manner in all respects;

WHEREAS, the parties have reached a compromise, subject to the approval of the Court;

WHEREAS, the attorneys for the Representative Plaintiffs represent that they have conducted a study and investigation of the law and the facts relating to the claims that were asserted or could have been asserted in the Actions and have concluded, taking into account the benefits that the Class members will receive as a result of the settlement provided herein (the "Settlement") and the risks and delays of further litigation, that the Settlement is fair, reasonable and in the best interests of the Representative Plaintiffs and the Class members; and

WHEREAS, Arrow has concluded that it is in its best interests to settle the Actions upon the terms set forth in this Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned that the Actions shall be settled and compromised, subject to the approval of the Court, upon and subject to the following terms and conditions:

1.    The parties will submit to the Court an order (the "Preliminary Approval Order") substantially in the form attached hereto as Exhibit A, preliminarily certifying a settlement class (the "Class") defined as follows: all residents of the State of Connecticut from whom, during the period from March 20, 1999 through the date of this Agreement, Arrow sought to collect a non-business debt which it purported to have purchased or received assignment of after the debt had been written off by the original holder, but not including such residents who have obtained a bankruptcy discharge of such debt or who are deceased; certifying Petrolito and Crisco as Representative Plaintiffs; and, certifying their counsel Joanne S. Faulkner, Esq., David A. Searles of the firm Donovan Searles, LLC, and James A. Francis of the firm Francis & Mailman, P.C. as counsel to Plaintiffs and the Class ("Class Counsel").

2.     The Preliminary Approval Order shall require that a Notice of Class Action and of Proposed Settlement ("Notice") substantially in the form of Exhibit B hereto shall be sent to each Class member as determined by the last known mailing address reflected in Arrow's records as of the date of mailing, which addresses Arrow shall update by running them through the United States Postal Services National Change of Address system before providing the addresses to the Settlement Administrator, and that a Claim Form substantially in the form of Exhibit C shall also be sent to each of the approximately 4,600 members of the Class who paid all or part of a sum demanded by Defendant during the relevant time period.

3.     The terms of the Settlement include Arrow's agreement to pay the following amounts:

(a)     the sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) for the benefit of the approximately 4,600 members of the Class who paid all or part of a sum demanded by Defendant during the relevant time period. Payment of such sum to members of the Class shall be made on a claims-made basis. Class members who submit valid and timely Claim Forms ("Claiming Class Members") shall share the sum on a *pro rata* basis in accordance with the amounts paid to Arrow by such member. Any unclaimed funds or uncashed checks shall not revert to Defendant, but shall be paid to a *cy pres* recipient as described below;

(b)     the sum of Five Thousand Dollars ($5,000) to each of the two Representative Plaintiffs; and

(c)     Representative Plaintiffs' reasonable attorneys' fees as approved by the Court, not to exceed Two Hundred Thousand Dollars ($200,000.00), plus reasonable reimbursable expenses. Defendant agrees that it shall not object to the amount of fees sought by Class Counsel, but it reserves the right to object to the reasonableness of any costs. Defendant

4

will not oppose the fee petition, and it will pay any sum awarded by the Court not to exceed $200,000.00, plus costs, and only that amount. Any difference between the amount awarded by the Court and $200,000.00 plus costs will be retained by Arrow.

4.    In addition to the payment of the sums described above, Arrow has agreed

(a)    to permanently forgive a sum equal to Twenty-Five Percent (25%) of the original account balance for the approximately 38,200 members of the Class who have not made a payment to Arrow on account of a debt at issue in this case. Arrow estimates that the value of that benefit is approximately Eleven Million Dollars ($11,000,000.00), and Representative Plaintiffs have relied upon that estimate in entering into the Settlement;

(b)    to satisfy any judgment obtained against a member of the Class on account of a debt described in the Complaints in the Actions. Plaintiffs will identify such members and Arrow agrees to share such information in its possession as will aid Plaintiffs in identifying such members, upon reasonable request of Plaintiffs. Upon such identification, Arrow will provide written satisfactions of judgment documents to Class Counsel, Joanne S. Faulkner, Esq., for filing of record;

(c)    within forty-five (45) days following the Effective Date,[1] to instruct each of the credit reporting agencies to whom it reported any of the collection accounts which are the subject of the Action to delete the accounts/tradelines from the Class members' credit files;

(d)    to close the accounts of the Representative Plaintiffs, and to take no further collection action with respect to those accounts. Defendant will not sell or assign such

---

[1]    As used herein, the term "Effective Date" means the third business day after (a) the lapse of the time for appeal of the Final Order without any appeal having been taken; or (b) both (i) the affirmance on appeal of the Final Order without modification or the dismissal of any appeal of the Final Order without alteration of the Final Order in any respect unsatisfactory to Defendant and/or Class counsel, and (ii) the termination of any further right of appellate review.

accounts to any other entity. Defendant will instruct each of the credit reporting agencies to whom it reported the Representative Plaintiffs' collection accounts to delete the accounts/tradelines from their respective credit files; and

(e)    to pay all processing and administrative costs and expenses incurred in connection with the compilation of the Class list, printing, publishing and mailing of Notice to the Class, receiving and compiling claim forms, requests for exclusion and objections submitted by the Class, distribution of monies to the Class members, reporting to the Court and all other aspects of claims and settlement administration. All such duties shall be handled by an independent, third party class action settlement administrator (the "Settlement Administrator"), First Class, Inc., of Chicago, Illinois. Representative Plaintiffs and Class Counsel will have no obligations or responsibilities in connection with costs of notice or administration of settlement.

5.    Any Class member may request not to participate in the Settlement by submitting a timely request for exclusion in accordance with the Preliminary Approval Order and the Notice of Class Action and of Proposed Settlement.

(a)    Any Class member who submits a timely request for exclusion and who does not revoke that request in writing at least ten (10) days prior to the Final Approval Hearing (defined below) is an Opt-Out Claimant. An Opt-Out Claimant is deemed to have waived any and all benefits of the Settlement.

(b)    A Class member who submits a timely request for exclusion, but who thereafter revokes that request for exclusion in writing at least ten (10) days prior to the Final Approval Hearing will be deemed to be a Settlement Class member and not an Opt-Out Claimant.

(c)    The Representative Plaintiffs agree to participate as Settlement Class members, not to request exclusion, not to object to the Court's approval of this Settlement Agreement, and affirmatively to support final judicial approval of this Settlement Agreement.

6.    Within 10 days following entry of the Preliminary Approval Order, the sum of $275,000 for the benefit of Claiming Class Members, as described above, shall be deposited into a non-interest bearing account to be administered by Arrow pending final approval of the settlement of the Actions (hereafter the "Settlement Fund").

(a)    Defendant shall provide Class Counsel with copies of all documents relating to establishing the account and shall forward to Class Counsel copies of monthly statements of the account.    The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments backed by the full faith and credit of the United States Government.

7.    After the Effective Date, the Settlement Fund shall be closed and the proceeds paid to the Settlement Administrator to be distributed in accordance with this Settlement Agreement and as approved by the Court.    To the extent that any funds remain after distribution to Class members, including funds covered by returned checks and checks not cashed within 90 days from mailing, such remaining funds shall be used for a *cy pres* distribution to be divided equally between the National Consumer Law Center, Boston, Massachusetts, and the National Association of Consumer Advocates, Washington, D.C.    Under no circumstances shall any portion of the Settlement Fund revert to Defendant.

8.    Except as otherwise ordered by the Court, Class members whose Notices are returned as undeliverable or who fail to cash their settlement checks within 90 days from the date the checks are mailed, shall be forever barred from receiving any payments pursuant to the

Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Settlement Agreement, the Settlement, the releases contained herein, and the Final Order (hereafter defined).

9.. All duties relating to notice and administration of the Settlement will be handled by the Settlement Administrator.

(a) All administrative duties in connection with the printing and mailing of Notice to the Class, receiving and compiling Claim Forms, objections and requests for exclusion submitted by the Class, distribution of checks to the Claiming Class Members, reporting to the Court and all other aspects of claims and settlement administration shall be handled by the Settlement Administrator. Representative Plaintiffs and Class Counsel will have no obligations or responsibilities in connection with costs of notice or claims administration.

(b) The Settlement Administrator shall be responsible for distributing the sums constituting the settlement amount agreed by the parties to be paid to the Class pursuant to the Settlement and shall provide Class Counsel and the Court with an accounting listing the name of each person to whom a payment was made, and the amount of each payment; the total amount of payments to Claiming Class Members; and the amount of each payment to the *cy pres* recipients as described in Paragraphs 3(a) and 7 of this Agreement.

10. The administration of the Settlement and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of, and determination by, the United States District Court for the District of Connecticut. The Court will retain continuing jurisdiction over the Settlement Fund and over any disputes, questions, or issues arising out of, or in any way relating to, the disposition or allocation of the Settlement Fund.

11.    The Notice shall state, among other things, that:

(a)    Arrow has paid the sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) into a Settlement Fund for the benefit of Claiming Class Members;

(b)    Arrow shall pay, subject to court approval, the sum of Five Thousand Dollars ($5,000) to each of the two Representative Plaintiffs;

(c)    Arrow shall pay the Representative Plaintiffs' reasonable attorneys' fees as approved by the Court, not to exceed Two Hundred Thousand Dollars ($200,000.00), plus reasonable reimbursable expenses;

(d)    In addition to the payment of the sums described above, Arrow has agreed to permanently forgive a sum equal to Twenty-Five Percent (25%) of the original account balance for the approximately 38,200 members of the Class who have not made a payment to Arrow on account of a debt at issue in the Actions; to satisfy any judgment obtained against a member of the Class on account of a debt described in the Complaints in the Actions; and, to instruct each of the credit reporting agencies to whom it reported any of the collection accounts which are the subject of the Actions to delete the accounts/tradelines from the Class members' credit files;

(e)    Arrow has agreed to close the accounts of the Representative Plaintiffs, and to take no further collection action with respect to those accounts;

(f)    Separately from funding the Settlement Fund and making the other payments required under the Settlement, Arrow will also pay all costs of notice and settlement and claims administration.

12.    Class Counsel shall receive payment of awarded fees and expenses from Arrow no later than the Effective Date.

13.    In exchange for the Settlement benefits hereunder, all Class members shall be deemed to release and forever discharge all claims, actions and causes of action that were asserted in the Actions by the Representative Plaintiffs and the Class, or that arise from the initiation, litigation or settlement of the Actions or the administration of the Settlement, against (i) the Representative Plaintiffs; (ii) Arrow; (iii) their respective parents, partners, subsidiaries and affiliates; (iv) the partners, directors, officers, employees, agents, insurance carriers, successors and assigns, both past and present, of Arrow; and (v) any attorney for Arrow, the Representative Plaintiffs, their agents, employees, insurance carriers, successors and assigns (collectively, the "Released Parties").  Notwithstanding, except for the claims asserted in the Actions, a Class member may assert any other claim or defense in an effort to defeat any pending or future debt collection action (whether judicial or nonjudicial).

14.    Upon the Effective Date, Arrow, for itself, and on behalf of the Released Parties, shall release and forever discharge the Representative Plaintiffs, the Class and their present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Actions.  Nothing in this release shall affect Arrow's rights with respect to the underlying debts of the members of the Class including, without limitation, the right to seek to collect the balances remaining after forgiveness on those debts.

15.    Arrow represents and warrants that its net worth is such that, for purposes of the FDCPA, the maximum award potentially available to the Class is $500,000.00.

16.    As soon as practicable after the execution of this Settlement Agreement and no later than March 31, 2005, the parties shall request the Court to enter the Preliminary Approval Order which:

(a)    preliminarily approves the terms of the Settlement provided for in this Settlement Agreement as being fair, reasonable, and adequate to the Class;

(b)    directs that a hearing be held by the Court on such day and at such time as may be designated by the Court for the purpose of determining whether the Settlement should be finally approved by the Court as fair, reasonable, and adequate to the Class ("Final Approval Hearing");

(c)    approves the form of Notice attached hereto as Exhibit B with such changes, if any, as shall be acceptable to both Class Counsel and Arrow;

(d)    directs that the Settlement Administrator shall send a copy of the Notice by first-class mail, addressed to each Class member at his or her last known address as reflected in, and reasonably available from, Arrow's records, which addresses Arrow shall update by running them through the United States Postal Services National Change of Address system before providing the addresses to the Settlement Administrator, within 30 days of the entry of the Preliminary Approval Order, and include a Claim Form in the mailing to the approximately 4,600 Class members who paid all or part of a sum demanded by Defendant during the relevant time period;

(e)    requires that any Class member who wishes to object to the Settlement, to the application for an award of attorneys' fees, to the application for reimbursement of litigation expenses, or to the application for a settlement award to the Representative Plaintiffs must do so

by filing a written objection no later than thirty (30) days from the date of the Notice and must serve copies of such objections by hand delivery or certified mail on Class Counsel and Arrow;

      (f)    provides that any objections not conforming to such requirements shall be stricken and shall not be considered or heard by the Court; and

      (g)    contains such other provisions as the parties may agree.

17.    The parties shall submit to the Court the form of Preliminary Approval Order attached hereto as Exhibit A, which they agree fulfills the requirements of the foregoing paragraph. Entry of a Preliminary Approval Order in the form of Exhibit A with such modifications as shall be acceptable to Class Counsel and Arrow, shall be a condition of the Settlement. Failure of the Court to enter such a Preliminary Approval Order shall give rise to the consequences set forth in Paragraph 20 hereof.

18.    Class Counsel and Arrow shall request the Court to enter a Final Order in the form of Exhibit D hereto, which:

      (a)    approves this Settlement Agreement (without any modification that is unacceptable to either Class Counsel or Arrow) as fair, reasonable, and adequate, and directs the parties to consummate the Settlement in accordance with the terms of this Settlement Agreement;

      (b)    dismisses, with prejudice and without costs, all claims asserted in the Actions by the Representative Plaintiffs and the Class against Arrow;

      (c)    permanently bars and enjoins the Representative Plaintiffs and the Class members from bringing any claim, action, or cause of action against Arrow or any other Released Party that has been released or dismissed under this Settlement Agreement or the Final Order;

      (d)    permanently bars and enjoins Arrow and the Released Parties from bringing any claim, action, or cause of action against the Representative Plaintiffs, the Class or

any of their attorneys, agents, administrators, successors, and assigns that has been released under this Settlement Agreement or the Final Order;

       (e)    finds that notice has been directed to all persons meeting the Class definition in accordance with the requirements of due process and the Federal Rules of Civil Procedure;

       (f)    approves an award of attorneys' fees and reimbursement of expenses to counsel to the Representative Plaintiffs and the Class;

       (g)    approves an individual settlement and incentive award of five thousand dollars ($5,000.00) to each of the Representative Plaintiffs;

       (h)    retains continuing jurisdiction for purposes of supervising the implementation of the Settlement and supervising the distribution and allocation of the Settlement Fund;

       (i)    finds that the Representative Plaintiffs and each Class member and Arrow shall be bound by this Settlement Agreement; and

       (j)    contains such other provisions as the parties may agree.

19.    The parties shall submit to the Court a draft Final Order in the form of Exhibit D attached hereto, which they agree fulfills the requirements of the foregoing paragraph. Entry of a Final Order in the form of Exhibit D, with such modifications as shall be acceptable to Class Counsel and Arrow, shall be a condition of the Settlement. Failure of the Court to enter such a Final Order shall give rise to the consequences set forth in Paragraph 20 hereof.

20.    If: (a) the Court does not enter the Preliminary Approval Order substantially in the form described in Paragraph 16; or (b) the Court does not enter the Final Order substantially in the form described in Paragraph 18; or (c) the entry of the Final Order is reversed on appeal or

the Final Order is modified on appeal in any respect unsatisfactory to Arrow and/or Class Counsel, then the Settlement shall be terminated, this Settlement Agreement and other papers submitted in connection with this Settlement Agreement shall not be offered or received in evidence in any proceeding and shall not constitute an admission of any matter, all findings and determinations made pursuant hereto shall be null and void, all parties shall stand in the same position as if this Settlement Agreement and any proceedings under it had not occurred, and this Settlement Agreement shall be of no further force and effect, except that the provisions of this Paragraph shall survive.

21.    It is expressly agreed and understood that this Settlement Agreement does not constitute an admission by any party and may not be admitted in evidence in any action involving any party except an action to enforce its terms.

22.    This Settlement Agreement may be executed in separate counterparts.

23.    The parties acknowledge that the recitals to this Settlement Agreement are part of this Settlement Agreement.  The parties further acknowledge the accuracy of the recitals.

24.    Notwithstanding any provision of this Settlement Agreement to the contrary, in the determination of whether any person is a member of the Class, the records of Arrow shall be conclusive to the extent that relevant information is contained therein.

25.    This Settlement Agreement shall be binding on, and inure to the benefit of, the Representative Plaintiffs and Arrow, their heirs, administrators, successors, and assigns, and any corporation or other entity into or with which any corporate party hereto may merge or consolidate, as third party beneficiaries.

26.     Counsel for the parties warrant and represent that they are duly authorized by their clients to execute this Agreement on their clients' behalf.

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be duly executed and effective as of the date first above written.

*Joanne S. Faulkner*

**LAW OFFICES OF JOANNE S. FAULKNER**
Joanne S. Faulkner
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395


**DONOVAN SEARLES, LLC**
David A. Searles
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
(215) 732-6067


**FRANCIS & MAILMAN, P.C.**
James A. Francis
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs and the Class

*Ann H. Rubin*

Ann H. Rubin
**CARMODY & TORRANCE LLP**
195 Church Street, P.O. Box 1950
18th Floor
New Haven, CT 06509-1950
(203) 784-3199


Patrick M. Birney
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
(860) 522-6103

Attorneys for Defendant

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be duly executed and effective as of the date first above written.

**LAW OFFICES OF JOANNE S. FAULKNER**
Joanne S. Faulkner
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395

**DONOVAN SEARLES, LLC**
David A. Searles
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
(215) 732-6067

**FRANCIS & MAILMAN, P.C.**
James A. Francis
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs and the Class

Ann H. Rubin
**CARMODY & TORRANCE LLP**
195 Church Street, P.O. Box 1950
18th Floor
New Haven, CT 06509-1950
(203) 784-3199

Patrick M. Birney
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
(860) 522-6103

Attorneys for Defendant

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be duly executed and effective as of the date first above written.

_____
**LAW OFFICES OF JOANNE S. FAULKNER**
Joanne S. Faulkner
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395

_____
**DONOVAN SEARLES, LLC**
David A. Searles
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
(215) 732-6067

_____
**FRANCIS & MAILMAN, P.C.**
James A. Francis
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs and the Class

_____
Ann H. Rubin
**CARMODY & TORRANCE LLP**
195 Church Street, P.O. Box 1950
18th Floor
New Haven, CT 06509-1950
(203) 784-3199

_____
Patrick M. Birney
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

Attorneys for Defendant

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be duly executed and effective as of the date first above written.

---

**LAW OFFICES OF JOANNE S. FAULKNER**
Joanne S. Faulkner
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395

---

**DONOVAN SEARLES, LLC**
David A. Searles
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
(215) 732-6067

---

**FRANCIS & MAILMAN, P.C.**
James A. Francis
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs and the Class

---

Ann H. Rubin
**CARMODY & TORRANCE LLP**
195 Church Street, P.O. Box 1950
18th Floor
New Haven, CT 06509-1950
(203) 784-3199

---

Patrick M. Birney
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
(860) 522-6103

Attorneys for Defendant

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUCIANO PETROLITO<br>on behalf of himself and all<br>others similarly situated,<br><br>    **Plaintiffs,**<br><br>   **v.**<br><br>ARROW FINANCIAL SERVICES<br> LLC<br>    **Defendant.** | )<br>)<br>)<br>)<br>)  **C. A. No. 3:02CV 484 JCH (HBF)**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER OF PRELIMINARY APPROVAL</u>

AND NOW, this ___ day of _____, 2005, upon consideration of the Motion for

Preliminary Approval of Settlement and Notice to Class, the Court having reviewed such Motion

and the Settlement Agreement attached thereto, and the supporting papers submitted therewith,

and the Court being fully advised in the premises, and it appearing as a preliminary matter as

follows:

A. The "Class" (defined below) includes approximately 42,800 members and is so

numerous that joinder of all members is impracticable;

B. There are questions of law and/or fact common to the Class;

C. The claims of Plaintiffs Luciano Petrolito and Joseph Crisco are typical of the claims

of the Class;

D. Plaintiffs will fairly and adequately protect the interests of the Class;

E. The prosecution of separate actions by individual members of the Class would create

a risk of inconsistent or varying adjudications with respect to individual members which would

establish incompatible standards of conduct for the parties opposing the Class, as well as a risk

of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

F.   Plaintiffs contend that Defendant Arrow Financial Services LLC ("Arrow") has acted or refused to act on grounds generally applicable to the Class;

G.   The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members; and

H.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

It is, therefore, hereby ORDERED that:

1.   A class (the "Class") is provisionally certified for settlement purposes only, comprised of the following: all residents of the State of Connecticut from whom, during the period from March 20, 1999 through March 31, 2005, Arrow sought to collect a non-business debt which it purported to have purchased or received assignment of after the debt had been written off by the original holder, but not including such residents who have obtained a bankruptcy discharge of such debt or who are deceased.

2.   The Court certifies Luciano Petrolito and Joseph Crisco as representatives of the Class ("Class Representatives").

3.   The Court certifies Joanne S. Faulkner, Esq., David A. Searles of the firm Donovan Searles, LLC, and James A. Francis of the firm Francis & Mailman, P.C. as counsel to the Class Representatives and the Class ("Class Counsel").

4.     The proposed settlement as set forth in the Settlement Agreement executed by the parties is preliminarily approved as fair, reasonable and adequate, subject to a hearing as provided herein for final approval.

5.     A hearing ("Final Approval Hearing") is hereby set for _____, 2005 at _____-.m., in Courtroom ____, United States Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut to determine whether the proposed settlement is fair, reasonable and adequate, and should be finally approved, and to consider an award of reasonable attorneys' fees and expenses and awards to the Class Representatives.

6.     Notice of the proposed settlement and of the Final Approval Hearing shall be given by the Settlement Administrator by mailing, by first-class mail, a Notice of Class Action and of Proposed Settlement (the "Notice"), in substantially the form attached as Exhibit B to the Settlement Agreement, individually addressed to each person meeting the above Class definition at his or her last known address in the Defendant's records, which addresses Arrow shall update by running them through the United States Postal Services National Change of Address system before providing the addresses to the Settlement Administrator, within 30 days after the date of this Order. The Settlement Administrator shall also send a Claim Form substantially in the form of Exhibit C to the Settlement Agreement to each of the approximately 4,600 members of the Class who paid all or part of a sum demanded by Arrow during the relevant time period.

7.     A member of the Class may opt out of the Class at any time prior to 30 days from the date of the Notice. To opt out of the Class, a Class member must complete and return to the Settlement Administrator a request for exclusion, as described in the Notice, which request for exclusion shall be post-marked no later than thirty (30) days from the date of the Notice (the

"Opt-Out Date"). Any member of the Class who opts out shall not be subject to the Settlement Agreement or any final judgment in this case.

8.    Any Class member or other person who wishes to object to the settlement, to the application for an award of attorneys' fees, to the application for reimbursement of litigation expenses, or to the application for a settlement award to the Representative Plaintiffs must do so by filing with the Court a written objection no later than thirty (30) days from the date of the Notice and must serve copies of such objections by hand delivery, facsimile transmission or certified mail on Class Counsel and Arrow's counsel. Class members and any other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and Arrow's counsel, shall not be heard during the Final Approval Hearing and the Court will not consider their objections; however, such objectors shall remain fully entitled to opt out of the Class through the Opt-Out Date.

9.    This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any liability, fault, or wrongdoing by Defendant; or (2) the appropriateness of any measure of alleged loss or damages. If the Settlement Agreement is terminated pursuant to its terms, or if the settlement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

BY THE COURT:

_____
Janet C. Hall, U.S.D.J.

# EXHIBIT B

## NOTICE OF CLASS ACTION AND OF PROPOSED SETTLEMENT

**TO:    All residents of the State of Connecticut from whom, during the period from March 20, 1999 through March 31, 2005, Arrow Financial Services LLC sought to collect a non-business debt which it purported to have purchased or received assignment of after the debt had been written off by the original holder, but not including such residents who have obtained a bankruptcy discharge of such debt or who are deceased.**

**THIS CASE IS A PENDING CLASS ACTION AND YOU MAY BE A MEMBER OF THE CLASS OF CONSUMERS SUING ARROW FINANCIAL SERVICES LLC. PLEASE READ THIS NOTICE CAREFULLY. IT MAY AFFECT YOUR LEGAL RIGHTS.**

# THIS NOTICE IS <u>NOT</u> A NOTIFICATION THAT YOU HAVE BEEN SUED. INSTEAD, IT IS A NOTICE THAT YOU MAY BE ENTITLED TO RECOVER MONEY OR OBTAIN A REDUCTION OF YOUR DEBT.

1.      An action titled *Luciano Petrolito, et al v. Arrow Financial Service, LLC*, Civil Action No. 3:02 CV 484 (the "Lawsuit"), was filed in the United States District Court for the District of Connecticut, alleging that Arrow violated the federal Fair Debt Collection Practices Act ("FDCPA") and the Connecticut Unfair Trade Practices Act ("CUTPA") by seeking to collect a non-business debt which it purported to have purchased or received assignment of after the debt had been written off by the original holder. The Defendant denies all allegations of wrongdoing and liability asserted in the Lawsuit and maintains that it conducted its dealings with Plaintiffs and Class members in conformity with all applicable laws. Plaintiffs' counsel have concluded that the settlement provided herein is fair and reasonable and in the best interests of Plaintiffs and Class members. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims asserted by Plaintiffs or any defenses asserted by the Defendant.

2.      For purposes of settlement, the Court has provisionally defined and certified a "Class" consisting of all residents of the State of Connecticut from whom, during the period from March 20, 1999 through March 31, 2005, Arrow sought to collect a non-business debt which it purported to have purchased or received assignment of after the debt had been written off by the original holder, but not including such residents who have obtained a bankruptcy discharge of such debt or who are deceased.

If you fall within the foregoing Class definition, you will be a Class member. Being a Class member means that if the settlement is approved by the Court, you will have the right to participate in the settlement and become eligible for the settlement benefits described in this Notice. If the settlement is approved, all Class members will release all claims, actions and causes of action that were asserted in the Lawsuit.

The Court has certified as Class representatives (the "Class Representatives") Plaintiffs Luciano Petrolito and Joseph Crisco. Arrow estimates that there are approximately 42,800 members of the Class.

3.     Under the terms of the settlement, Defendant has agreed as follows:

A.     Defendant will pay the sum of $275,000.00 (the "Settlement Fund") for the benefit of the approximately 4,600 members of the Class who paid even a part of a sum demanded by Defendant during the relevant time period.  The $275,000 sum will be used to pay distributions to such Class members who submit valid Claim Forms on time ("Claiming Class Members").  Where the Claiming Class Member alleges to have paid money to Defendant, and where Defendant's records confirm payment by the Claiming Class Member, the Claiming Class Member will receive a portion of the sum of $275,000.00, calculated under the following formula: the amount of money paid by the individual Claiming Class Member, divided by the amount of money paid by all Claiming Class Members, times the sum of $275,000.00.  To the extent that any funds remain after distribution to Claiming Class Members, including funds covered by returned checks and checks not cashed within 90 days from mailing, such remaining funds shall be directed to the National Consumer Law Center and the National Association of Consumer Advocates as *cy pres* recipients.

B.     Defendant will permanently forgive a sum equal to 25% of the original account balance for the approximately 38,200 members of the Class who have not made a payment to Arrow on account of a debt at issue in the Lawsuits.  Arrow estimates that the value of that benefit is approximately $11,000,000.00.

C.     Defendant will cancel any judgment obtained against a member of the Class on account of a debt described in the Complaints in the Lawsuit.

D.     Defendant will instruct each of the credit reporting agencies to whom it reported any of the collection accounts which are the subject of the Lawsuit to delete the accounts/tradelines from the Class members' credit files.

E.     Upon approval by the Court, Defendant will also pay a individual settlement award to each of the Representative Plaintiffs in the amount of $5,000.00.  Defendant will close the accounts of the Representative Plaintiffs, and will take no further collection action with respect to those accounts.  Defendant will not sell or assign such accounts to any other entity.  Defendant will instruct each of the credit reporting agencies to whom it reported the Representative Plaintiffs' collection accounts to delete the accounts/tradelines from their respective credit files.

F.     Defendant shall pay all costs of notice, claims and settlement administration.

4.     Class members will have no obligation to pay Class Counsel, or other attorneys who have represented the Representative Plaintiffs, any attorneys' fees or expenses, and will have no obligation to pay for the administration of the settlement or the cost of notice.  Class Counsel has prosecuted the Lawsuit on a contingent basis and has not yet received any payment of fees or any reimbursement of their out-of-pocket expenses.  As part of the settlement, Class Counsel shall apply for an award of attorneys' fees in an amount not to exceed $200,000.00, plus reimbursable expenses, to be paid by Defendant.  All such fees and expenses will be subject to review and approval by the Court, and will in no way reduce the amount of benefits due to the Class.

5.     In exchange for the settlement benefits provided by Defendant, and after Defendant has satisfied in full all of its obligations under the Settlement Agreement, all Class members shall be deemed to release and forever discharge all claims, actions and causes of action that were asserted in

the Lawsuit by the Representative Plaintiffs and the Class, or that arise from the initiation, litigation or settlement of the Lawsuit or the administration of the settlement, against (i) the Representative Plaintiffs; (ii) Defendant; (iii) their respective parents, partners, subsidiaries and affiliates; (iv) the partners, directors, officers, employees, agents, insurance carriers, successors and assigns, both past and present, of Defendant; and (v) any attorney for Defendant, the Representative Plaintiffs, their agents, employees, insurance carriers, successors and assigns. Notwithstanding, except for the claims asserted in the Lawsuit, a Class member may assert any other claim or defense in an effort to defeat any pending or future debt collection action. Further, Defendant, for itself, and on behalf of the Released Parties, shall release and forever discharge the Representative Plaintiffs, the Class and their present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Lawsuits.   Nothing in this release shall affect Arrow's rights with respect to the underlying debts of the members of the Class including, without limitation, the right to seek to collect the balances remaining after forgiveness on those debts.

A full copy of the Release is on file with the Court.

When the settlement is approved and becomes final, you will be deemed to have entered into this Release.

6.    **If you do not wish to remain in the Class, then you must timely request in writing to be excluded from the Class.**  If you exclude yourself from the Class, you will not be entitled to participate in any recovery by the Class, and you will not be bound by any settlement or favorable or unfavorable judgment in the Lawsuits.  Any request for exclusion must legibly set forth your name and address and a statement that you wish to be excluded from the Class, and must be sent by first-class mail, postmarked not later than [30 days from date of Notice], to:

> Settlement Administrator
> c/o _____

             If you request exclusion on behalf of any entity or any individual other than yourself (such as, for example, a trust, a minor or a pension fund), you are requested to set forth your legal authority to execute the request on behalf of that entity or other individual.

7.    The Court will hold a hearing (the "Fairness Hearing") in Courtroom ___ before the Honorable Janet C. Hall, United States Courthouse, 915 Lafayette Boulevard, Bridgeport Connecticut on _____, 2005 at _____ a.m. to determine whether the proposed settlement should be approved as fair, adequate and reasonable and to determine the amount of attorneys' fees and expenses that should be awarded to Class Counsel.  The hearing may be continued without further notice.  It is not necessary for you to appear at the hearing.

         **If You Wish to Object to the Settlement:**  If you are a member of the Class, and do not exclude yourself from the settlement (see above), you may choose to appear in person or through an attorney (at your own expense) at the Fairness Hearing and be heard in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed settlement, as well as any other topics addressed at the hearing (as enumerated above).  If you object to the settlement, your written objection must be sent to and received by Class Counsel and Defendant's counsel on or before [30 days from date of Notice].  Class Counsel shall file with the Court copies of all such

objections on or before [10 days prior to Fairness Hearing], 2005 together with a statement of reasons, if any, why the objection should be overruled. At the hearing, Class members may be heard orally in support of, or in opposition to the settlement, provided that such persons file with Defendant's counsel, Class Counsel and the Clerk of Court, U.S. Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604, on or before [15 days prior to Fairness Hearing], notification of the desire to appear personally at the Fairness Hearing. No person will be heard in opposition to the proposed settlement, and no papers or brief submitted by any person will be accepted or considered by the Court unless these instructions are followed.

Any member of the Class who does not make and serve written objections in the manner provided above shall be deemed to have waived such objections and shall be forever foreclosed from making any objections (by appeal or otherwise) to the proposed settlement. Any member of the Class who is satisfied with the settlement **NEED NOT APPEAR AT THE FAIRNESS HEARING.** Any member who has filed objections may, but need not, appear at the hearing.

**Send Any Copies Of Objections And Notice Of Your Desire To Appear Personally To:**

Class Counsel:

<table>
<tr><td>

James A. Francis, Esq.<br>
**FRANCIS & MAILMAN, P.C.**<br>
100 South Broad Street, 19th Floor<br>
Philadelphia, PA 19110<br>
Fax: (215) 940-8000

</td><td>

David A. Searles, Esq.<br>
**DONOVAN SEARLES, LLC**<br>
1845 Walnut Street, Suite 1100<br>
Philadelphia, PA 19103<br>
Fax: (215) 732-8060

</td></tr>
</table>

Defendant's Counsel:

Ann H. Rubin, Esq.
**CARMODY & TORRANCE LLP**
195 Church Street, P.O. Box 1950
18th Floor
New Haven, CT 06509-1950
Fax: (203) 784-3199

The pleadings and other records in this litigation, including copies of the Settlement Agreement, may be examined any time during regular office hours at the Office of the Clerk. If you need additional information, you should write to Class Counsel at the addresses set forth above.

**PLEASE DO NOT CALL THE COURT OR THE CLERK OR DEFENDANT.**

BY THE CLERK:

Dated: _____, 2005

/s/ _____
Kevin F. Rowe
Clerk of Court
U.S. Courthouse

915 Lafayette Boulevard
Bridgeport, CT 06604

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LUCIANO PETROLITO | ) |
| | ) |
| Plaintiffs, | )    C. A. No. 3:02CV 484 JCH (HBF) |
| | ) |
| v. | ) |
| | ) |
| ARROW FINANCIAL SERVICES LLC | ) |
| | ) |
| | ) |

## CLAIM FORM

TO RECEIVE YOUR SHARE OF THE SETTLEMENT FUND DESCRIBED IN THE ENCLOSED NOTICE, YOU MUST COMPLETE THIS CLAIM FORM AND RETURN IT TO:

Settlement Administrator
c/o _____

THIS CLAIM FORM MUST BE RETURNED IN AN ENVELOPE POSTMARKED NO LATER THAN [30 days from date of Notice].

IF YOU NEED HELP IN FILLING OUT THIS CLAIM FORM OR HAVE ANY QUESTIONS, YOU MAY CALL CLASS COUNSEL, THE LAW FIRM OF FRANCIS & MAILMAN, P.C., TOLL FREE AT 1-877-735-8600, AND MENTION YOU ARE CALLING CONCERNING THE PETROLITO MATTER.

Name: _____    Date of Birth: _____
     (First)     (M.I.)    (Last)

Address:_____
     (Street)                            (Apt./Unit#)

_____
     (City)                   (State)             (Zip)

I wish to participate in the class settlement in the above-entitled case. I certify that, between March 20, 1999 and March 31, 2005, I got a demand from Arrow Financial Services LLC for payment of a non-business debt.

I also certify that I DID ____ DID NOT ___ (check one) pay money to Arrow Financial Services LLC as a result of receiving such a demand.

My right to receive this money has not been assigned to any third party nor become the property of any Bankruptcy Trustee.

_____
(Signature)

_____
(Date)

**NOTE: THIS CLAIM FORM WILL NOT BE VALID WITHOUT YOUR NAME AND COMPLETE ADDRESS. IF YOU SUBMIT THE FORM WITHOUT THAT INFORMATION YOU WILL NOT RECEIVE MONEY IN THIS CASE.**

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUCIANO PETROLITO<br>on behalf of himself and all<br>others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>ARROW FINANCIAL SERVICES<br>LLC<br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　　C. A. No. 3:02 CV 484 JCH (HBF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### FINAL JUDGMENT AND ORDER

AND NOW, this ___ day of _____, 2005, upon consideration as to whether the proposed settlement of the above-referenced litigation (the "Litigation") should be finally approved, the parties having presented their Settlement Agreement to the Court and the Court having held a hearing on the fairness of the proposed settlement of the Litigation, at which objectors to the settlement could appear, and the Court being fully advised in the premises, the Court finds that:

A.　　Notice of the proposed settlement has been timely mailed to all residents of the State of Connecticut from whom, during the period from March 20, 1999 through March 31, 2005, Arrow Financial Services LLC ("Arrow") sought to collect a non-business debt which it purported to have purchased or received assignment of after the debt had been written off by the original holder, but not including such residents who have obtained a bankruptcy discharge of such debt or who are deceased (the "Class"). Such notice satisfies the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

B.　　_____ (__) Class members timely requested exclusion from the Class, and did not later revoke the request for exclusion. Their names and addresses are set forth in an attachment hereto. __ ( ) Class members have objected to the settlement.

C.    The issues as to liability and remedies, if any, in the Litigation are issues as to which there are substantial grounds for difference of opinion, and the proposed settlement of the Litigation constitutes a resolution of those issues that is fair, reasonable and adequate to the members of the Class.

## IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.    The Settlement Agreement submitted herein is approved as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the parties are directed to consummate such agreement in accordance with its terms. All terms defined in the Settlement Agreement have the same meanings when used herein.

2.    The Litigation is hereby dismissed, with prejudice and without costs, and all Class members who did not timely request exclusion shall be barred and enjoined from bringing any and all claims, actions and causes of action that were asserted in the Litigation by the Representative Plaintiffs and the Class, or that arise from the initiation, litigation or settlement of the Litigation or the administration of the Settlement, against (i) the Representative Plaintiffs; (ii) Arrow; (iii) their respective parents, partners, subsidiaries and affiliates; (iv) the partners, directors, officers, employees, agents, insurance carriers, successors and assigns, both past and present, of Arrow; and (v) any attorney for Arrow, the Representative Plaintiffs, their agents, employees, insurance carriers, successors and assigns. Notwithstanding, except for the claims asserted in the Litigation, a Class member may assert any other claim or defense in an effort to defeat any pending or future debt collection action (whether judicial or nonjudicial).

3.    Upon the Effective Date, Arrow, for itself, and on behalf of the Released Parties, shall be deemed to release and forever discharge the Representative Plaintiffs, the Class and their present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and

2

assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Litigation.  Nothing in this release shall affect Arrow's rights with respect to the underlying debts of the members of the Class including, without limitation, the right to seek to collect the remaining balances on those debts.

4.    After the Effective Date, the Settlement Fund shall be closed and the proceeds paid to the Settlement Administrator to be distributed to Claiming Class Members in accordance with the Settlement Agreement.  To the extent that any funds remain after distribution to Claiming Class Members, including funds covered by returned checks and checks not cashed within 90 days from mailing, such remaining funds shall be divided equally between the National Consumer Law Center and the National Association of Consumer Advocates as *cy pres* recipients.  Under no circumstances shall any portion of the Settlement Fund revert to Arrow.

5.    Within forty-five (45) days following the Effective Date, Arrow shall take all steps necessary to permanently forgive a sum equal to twenty-five percent (25%) of the original account balance for the approximately 38,200 members of the Class who have not made a payment to Arrow on account of a debt at issue in the Litigation.  Arrow shall confirm in writing to Class Counsel when it has done so.

6.    Within forty-five (45) days following the Effective Date, Arrow shall instruct each of the credit reporting agencies to whom it reported any of the collection accounts which are the subject of the Litigation to delete the accounts/tradelines from the Class members' credit files

7.    The Representative Plaintiffs Luciano Petrolito and Joseph Crisco are each awarded the sum of Five Thousand Dollars ($5,000.00) in full settlement of their individual

claims and in recognition of their services to the Class.  Upon the Effective Date, Arrow shall pay such awards to the Representative Plaintiffs in care of their counsel, Joanne S. Faulkner, Esq.

8.    Following the Effective Date, Arrow shall close the accounts of the Representative Plaintiffs, and shall take no further collection action with respect to those accounts.  Arrow shall not sell or assign such accounts to any other entity.  Arrow shall instruct each of the credit reporting agencies to whom it reported the Representative Plaintiffs' collection accounts to delete the accounts/tradelines from their respective credit files

9.    Upon the Effective Date, Arrow shall pay Class Counsel's fair and reasonable fees and reimbursement of expenses in accordance with the terms of the Settlement Agreement. The award of such fees and expenses shall be made pursuant to a separate Order.

10.    Consummation of the settlement shall proceed as described in the Settlement Agreement and the Court hereby retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order.  The Court retains continuing jurisdiction for purposes of supervising the implementation of the Settlement Agreement and supervising the distribution and allocation of the Settlement Fund.  Final judgment shall be entered as provided herein.

BY THE COURT:

_____
Janet C. Hall, U.S.D.J.