UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LUCIANO PETROLITO** ) <br> **JOSEPH CRISCO** ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **ARROW FINANCIAL SERVICES LLC** ) <br> Defendant ) <br> ) | | Case No. 3:02CV 484 JCH (HBF) |

**DECLARATION OF DAVID A. SEARLES, ESQUIRE
IN SUPPORT OF PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES FILED ON BEHALF OF DONOVAN SEARLES, LLC**

I, David A. Searles, hereby declare as follows:

1. I am a partner in the law firm of Donovan Searles, LLC. I submit this Declaration in support of Plaintiffs' application for an award of attorneys' fees in connection with services rendered by my firm in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2. My firm acted as Co-Class Counsel in this class action. The tasks undertaken by my firm can be summarized as follows:

    a) We were contacted by Plaintiffs' counsel in Connecticut and asked to co-counsel this class action due to our familiarity with many of the class action and legal issues at stake;

    b) We proceeded to investigate the factual background of the case, researched many of the legal issues and commenced working on class certification issues;

    c) We have since been intimately involved in every aspect of the litigation and eventual settlement of this case;

e) We consulted with counsel and prepared for and participated in conference calls with the Court;

f) We reviewed Defendant's legal briefs and participated in preparing responses on behalf of Plaintiffs and the Class;

g) We drafted forms of notice to the class, following the Court's decision certifying a class;

h) We reviewed and analyzed Defendant's objections to notice;

i) We were intimately involved in drafting a settlement demand to be sent to Defendant and in preparing for the settlement conference before Magistrate Judge Brooks;

j) We reviewed Defendant's motion to compel arbitration and participated in formulating a response;

k) We traveled to Connecticut to meet with Ms. Faulkner and Plaintiff Petrolito and attended the settlement conference with Judge Fitzsimmons in September 2004;

l) We took the lead role in initiating further settlement discussions with Defendant and handled most of the substantive negotiations on behalf of the Plaintiffs in working out the settlement terms that eventually became the basis for the Settlement Agreement submitted to the Court;

m) We took lead responsibility for drafting settlement documents from the Plaintiffs' perspective of the settlement and in negotiating language issues with defense counsel;

n) We prepared, made revisions to, edited and finalized the extensive settlement papers, including the Settlement Agreement, the forms of mailed notice and the forms of approval orders;

m) We prepared, revised and edited the motion for preliminary approval of the settlement, including the supporting memorandum of law;

n) We participated in the telephone conference with the Court to consider preliminary approval of the settlement;

o) We worked as necessary with the settlement administrator and counsel regarding issues of notice and claims;

p) We participated in the drafting of the motion for final approval of the settlement; and

q) We will be fully involved in preparing for and attending the hearing on final approval of the settlement.

3. The Schedule of Time Expended attached hereto as Exhibit A is a detailed and specific documentation of the amount of time, by category, spent by each attorney and paralegal of my firm, in connection with the litigation, and the lodestar calculation based on the firm's current billing rates. The Schedule was prepared from contemporaneous time records regularly prepared and maintained by my firm. Time expended in preparing this application for fees and reimbursement of expenses has been included in this request, as well as time anticipated to be necessary with respect to settlement administration following the final approval hearing..

4. The hourly rates for the attorneys in my firm included in Exhibit A are the same as the regular current rates charged for their services in other contingent matters and in class action litigation. These or similar rates have been approved and awarded in the cases of *Perry v. FleetBoston Financial Corp.*, 2005 WL 1527694, *16 (E.D. Pa. June 28, 2005) (awarding 1.5 multiplier in consumer class action); *In re Sunterra Corp. Securities Litigation*, Case No. 6:00-cv-79-Orl-28B (M.D. Fla. April 26, 2005) (Antoon, J.) (awarding full fee request of 33% of

settlement fund and approving current hourly rates of Donovan Searles, LLC); *Bittner v. Trans Union, LLC*, C.A. No. 04-2562 (E.D. Pa. Feb. 10, 2005) (Ludwig, J.) (awarding multiplier of lodestar of 1.78); *Flores v. Shapiro & Kreisman*, C.A. No. 01-3280 (E.D. Pa. Jan. 21, 2005) (McLaughlin, J.) (approved hourly rate of $415); *Stoner v. CBA Information Services*, 352 F.Supp.2d 549 (E.D. Pa. 2005) (Katz, J.) (33% of settlement fund awarded as reasonable fee, resulting in 1.67 multiplier of lodestar); *Orloff v. Syndicated Office Systems, Inc.,* 2004 WL 870691, *7 (E.D. Pa. April 22, 2004) (Surrick, J.) (hourly rate of $390 found reasonable); *Piper v. Portnoff Law Associates*, C.A. No. 03-2046 (E.D. Pa. Jan. 7, 2004) (Katz, J.) (finding hourly rate of $390 "fair and reasonable market rate within the Eastern District of Pennsylvania for attorneys of comparable skill, experience and ability handling consumer credit litigation"); *Wells v. Coldata, Inc.*, C.A. No. 02-6609 (E.D. Pa. Nov. 20, 2003) (Brody, J.) (same); *Gaumer v. The Bon-Ton Stores*, C.A. No. 02-8611 (E.D. Pa. Dec. 30, 2003 ) (Yohn, J.); *Muse v. Dymacol, Inc.*, 2003 WL 22794698 (E.D. Pa. Nov. 7, 2003) (Savage, J.); *Street v. Portfolio Recovery Associates*, C.A. No. 01-3684 (E.D. Pa. July 30, 2003) (Tucker, J.); *Bonett v. Education Debt Services, Inc.,* 2003 WL 2158267 (E.D. Pa. May 9, 2003) (Davis, J.); *Oslan v. Law Offices of Mitchell N. Kay*, 232 F.Supp.2d 436 (E.D. Pa. 2002) (Katz, J.); *Oslan v. Collection Bureau Hudson Valley*, C.A. No. 01-2173 (E.D. Pa. July 26, 2002) (Schiller, J.); *Saunders v. Berks Credit and Collections, Inc.*, 2002 WL 1497374, *15 (E.D. Pa. July 11, 2002) (DuBois, J.) (awarding counsel lodestar at requested rates, finding said rates "fair and reasonable in light of [counsel's] education, experience and prior awards, and commensurate with the prevailing hourly billing rates of similarly-experienced class action litigators in this area"); *Fry v. Hayt, Hayt & Landau*, C.A. No. 00-114 (E.D. Pa. May 1, 2001) (Robreno, J.); *Smith v. First Union Mortgage Corporation*, 1999 WL 1081362 (E.D. Pa. Dec. 1, 1999) (Waldman, J.) (approving

hourly rates to Class Counsel in settlement of class action under FDCPA); *Newton v. United Companies Financial Corp.*, C.A. No. 97-5400 (E.D. Pa. Dec. 7, 1998) (Katz, J.) (approving the hourly rates in statutory fee litigation under federal consumer statutes), opinion on the merits reported at 24 F. Supp. 2d 444 (E.D. Pa. 1998).

5.  The lodestar devoted to the case by Donovan Searles, LLC for work performed with respect to this case is as follows:

| Attorney | Hourly Rate | Hours | Fees |
|---|---|---|---|
| Michael D. Donovan | $ 520.00 | .5 | $260.00 |
| David A. Searles | $ 500.00 | 134.8 | $67,400.00 |
| Paralegal / Law Clerk | | | |
| Aaron Kaplan | $ 175.00 | 2.4 | $420.00 |
| Christian Koerner | $ 135.00 | 5.4 | $729.00 |
| **Total Fees** | | | $68,809.00 |

6.  My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates. As detailed in Exhibit B attached hereto, my firm has incurred a total of $738.21 in unreimbursed expenses in connection with the prosecution of this litigation.

7.  The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate recordation of the expenses.

8. Attached hereto as Exhibit C is a summary of the experience and qualifications of the attorneys in my firm who were principally involved in this litigation, as well as a brief biography of my firm.

I declare under the penalty of perjury that the foregoing is true and correct.


                                                            s/ David A. Searles_____
Date: July 18, 2005                                         David A. Searles
Philadelphia, Pennsylvania