## *DONOVAN SEARLES, LLC*

1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Phone 215-732-6067
Fax 215-732-8060
www.donovansearles.com

| | |
|---|---|
| Michael D. Donovan, Esquire | David A. Searles, Esquire |
| mdonovan@donovansearles.com | dsearles@donovansearles.com |

  DONOVAN SEARLES, LLC, located in Philadelphia, Pennsylvania, is a law firm dedicated to providing first class litigation services to investors, consumers and small businesses. The firm's principals have substantial trial and appellate court experience prosecuting complex commercial and consumer cases. The members of the firm have appeared or argued before the United States Supreme Court, various federal and state appellate courts, the state Supreme Courts of New Jersey and Pennsylvania and federal and state trial courts throughout the country. The firm's nationwide practice focuses on class actions, shareholders' rights, consumer and commercial litigation as well as employment-related disputes. The firm strives to provide consumers, investors and small businesses with the type of sophisticated, in-depth representation that is ordinarily available only to the largest corporate clients of money-center law firms.

  MICHAEL D. DONOVAN, a founding member of the firm, is admitted to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Second, Third, Eighth, Ninth and Tenth Circuits, the United States District Court for the Eastern District of Pennsylvania, the United States District Courts for the Southern and Eastern Districts of New York as well as the state courts of Pennsylvania and New York and the courts of Washington, D.C. He is a graduate of Vermont Law School (J.D. cum laude 1984) and Syracuse University (A.B. 1981). He was the Head Notes Editor and a staff member of the VERMONT LAW REVIEW from 1982 through 1984. While on the LAW REVIEW, he authored Note, Zoning Variance Administration in Vermont, 8 VT. L. REV. 370 (1984). Following graduation from law school, Mr. Donovan was an attorney with the Securities and Exchange Commission in Washington, D.C., where he prosecuted numerous securities cases and enforcement matters, including injunctive and disciplinary actions against public companies, broker/dealers and accounting firms. Mr. Donovan has co-authored Preserving Judicial Recourse for Consumers: How to Combat Overreaching Arbitration Clauses, 10 LOYOLA CONSUMER L. REV. 269 (1998); "The Overlooked Victims of the Thrift Crisis," Miami Review, Feb. 13, 1990 and "Conspiracy of Silence: Why S&L Regulators Can't Always Be Trusted," Legal Times, Feb. 5, 1990.

  Mr. Donovan has served as co-lead counsel in the following securities class actions: Lines v. Marble Financial Corp., Nos. 90-23 and 90-100 (D. Vt. 1991)(settled for $2 million together with substantial changes to the company's loan loss reserve procedures); Jones v. Amdura Corp., No. 90-F-167 (D. Colo. 1991) (action against directors settled for $4,962,500 and against company after bankruptcy for $1.2 million); In re Columbia Shareholders Litigation (Del. Ch. 1991)(merger case settled for $2 per share increase in amount paid to shareholders); Rosen v. Fidelity Investments,

[Current] Fed. Sec. L. Rep. ¶ 98,949 (E.D. Pa. Nov. 28, 1995) (opinion certifying class of mutual fund purchasers). In addition, Mr. Donovan has had a substantial role in the prosecution of the following cases, among others: <u>In re Trustcorp Securities Litigation</u>, No. 3:89-CV-7139 (N.D. Ohio 1990) (settled for $5,600,000); <u>Moskowitz v. Lopp</u>, 128 F.R.D. 624 (E.D. Pa. 1989) (opinion certifying class of stock and option purchasers in fraud on the market and insider trading case); <u>In re Hercules Corporation Securities Litigation</u>, No. 90-442 (D. Del. 1992) (settled for $17.25 million).

In the area of consumer justice, Mr. Donovan has argued before the Supreme Court of the United States in <u>Smiley v. Citibank (South Dakota), N.A.</u>, No. 95-860, 116 S. Ct. 806 (argued Apr. 24, 1996) and obtained favorable appellate rulings from the New Jersey Supreme Court in <u>Sherman v. Citibank (South Dakota), N.A.</u>, 668 A.2d 1036 (N.J. 1995) and <u>Hunter v. Greenwood Trust Co.</u>, 668 A.2d 1067 (N.J. 1995) and from the Pennsylvania Superior Court in <u>In re Citibank Credit Card Litigation</u>, 653 A.2d 39 (Pa. Super. 1995) and <u>Gadon v. Chase Manhattan Bank, N.A.</u>, 653 A.2d 43 (Pa. Super. 1995). Each of the cases challenged the authority of out-of-state banks to impose default charges on residents of states where such charges are prohibited. Mr. Donovan has also filed numerous friend of the court briefs concerning federal preemption of state consumer protection statutes. In this regard, Mr. Donovan has appeared as a panel speaker at the Pennsylvania Bar Institute's Banking Law Update, the Practicing Law Institute's Financial Services Litigation Forum, the Consumer Credit Regulation Forum of the New Jersey Bar Association, and the National Consumer Rights Litigation Conference sponsored by the National Consumer Law Center. More recently, Mr. Donovan has served as class counsel in several class actions challenging negative option billing practices by cable companies as well as cases challenging the miscalculation of interest charged or paid by banks. In April 1996 and July 1997, he obtained favorable appellate decisions from the Appellate Division of the New Jersey Superior Court and the New Jersey Supreme Court in <u>Lemelledo v. Beneficial Finance Co.</u>, 674 A.2d 582 (N.J. App. Div. 1996), <u>aff'd</u>, 150 N.J. 255, 696 A.2d 546 (N.J. 1997), concerning loan and insurance packing. Mr. Donovan is a member of the American Bar Association (Litigation and Business Law Sections), the Pennsylvania Bar Association, the New York Bar Association, and the District of Columbia Bar Association. He is the Chair of the Consumer Law Subcommittee of the ABA Litigation Section's Class Actions and Derivative Suits Committee. He is also the Vice Chair of the National Association of Consumer Advocates and an active member of Trial Lawyers for Public Justice and Public Citizen.

DAVID A. SEARLES, a founding member of the firm, is admitted to practice before the Supreme Court of the United States, the United States Court of Appeals for the Third Circuit and the United States District Court for the Eastern District of Pennsylvania, as well as the state courts of Pennsylvania. He is a 1975 graduate of the American University School of Law, Washington, D.C., where he served on law review. Following graduation from law school, Mr. Searles was an attorney for Community Legal Services of Philadelphia, where he specialized in consumer and bankruptcy law. In 1990, he successfully argued the first consumer reorganization bankruptcy case considered by the U.S. Supreme Court, <u>Pennsylvania v. Davenport</u>, 495 U.S. 552 (1990), and has served as lead counsel and presented argument in numerous bankruptcy and consumer law cases before the United States Court of Appeals for the Third Circuit. From 1992 through 1997, Mr. Searles was associated with the Philadelphia law firm of Drinker Biddle & Reath LLP, where his practice focused on Chapter 11 bankruptcy and creditor's rights.

In June 2005, Mr. Searles was awarded the Equal Justice Award at the Community Legal Services Breakfast of Champions for his role in directing funding for legal assistance for low-income residents of Philadelphia.

Mr. Searles is the Managing Editor of the <u>Survey of State Class Action Law</u> (ABA Section on Litigation, 2005), and is a contributing author of <u>Pennsylvania Consumer Law</u> (2005). Along with Mr. Donovan, Mr. Searles co-authored <u>Preserving Judicial Recourse for Consumers: How to Combat Overreaching Arbitration Clauses</u>, 10 LOYOLA CONSUMER L. REV. 269 (1998). He has taught advanced bankruptcy law at Rutgers University School of Law - Camden, business law at Widener University and bankruptcy law at Pierce Junior College, Philadelphia. He is a past co-chairperson of the Education Committee of the Eastern District of Pennsylvania Bankruptcy Conference.

## DAVID A. SEARLES

## SUMMARY OF EXPERIENCE

**Education and Professional Qualifications**

Member of the Bar of the United States Supreme Court, the Supreme Court of Pennsylvania, United States Circuit Court of Appeals for the Third Circuit, United States District Court for the Eastern District of Pennsylvania.

American University Law School, Washington, D.C. - J.D. 1975, Law Review

Kalamazoo College, Kalamazoo, Michigan - B.A. 1972


**Positions Held**

DONOVAN SEARLES, LLC, Philadelphia, PA
4/01 to present   Founding member of class action law firm specializing in securities and consumer protection litigation.

DONOVAN MILLER, LLC, Philadelphia, PA
9/97 – 4/01   Counsel to firm specializing in class action securities and consumer protection litigation.

DRINKER BIDDLE & REATH, LLP, Philadelphia, PA
1/92 - 9/97  Senior Associate, specializing in Chapter 11 bankruptcy and creditor's rights.

COMMUNITY LEGAL SERVICES, INC., Philadelphia, PA
9/75 - 1/92  Staff Attorney, Co-manager of 25 person law office.
Counsel in numerous cases in state and federal courts involving consumer, bankruptcy and housing law, including several class actions.

PEIRCE JUNIOR COLLEGE, Philadelphia, PA
1/89 - 5/90   Member of adjunct faculty, teaching bankruptcy law.

WIDENER UNIVERSITY, Chester, PA
9/82 - 12/84  Member of adjunct faculty of School of Management, teaching business law.

**Publications**

Managing Editor, <u>Survey of State Class Action Law</u> (ABA Section on Litigation), 2005.

Contributing Author, <u>Pennsylvania Consumer Law</u> (Banks Baldwin Law Publishing Company), 2005.

Michael D. Donovan and David A. Searles, <u>Preserving Judicial Recourse for Consumers: How to Combat Overreaching Arbitration Clauses</u>, 10 Loyola Consumer L. Rev. 269 (1998).

Author "Tips in Handling Individual Bankruptcy Cases" <u>Pennsylvania Bar Association Quarterly</u>, January 1997.

Contributing Author, <u>Consumer Bankruptcy Law and Practice</u>, National Consumer Law Center (1991 Cumulative Supplement).

Contributing Author, <u>Usury and Consumer Credit Regulation</u>, National Consumer Law Center (1991 Cumulative Supplement).

**Other Experience and Activities**

Awarded the Equal Justice Award at the Community Legal Services Breakfast of Champions, June 2005.

Member (1998 to present) Board of Directors of Consumer Bankruptcy Assistance Project, a non-profit organization providing pro bono bankruptcy services to low-income Philadelphia residents. Received award for outstanding volunteer service, 1997.

Member, Panel of Commerce Program Judges Pro Tempore for Court of Common Pleas for Philadelphia County, since inception. Serves as mediator in alternative dispute resolution program established in Court's Commerce Program.

Member, Mediation Panel for the United States Bankruptcy Court for the Eastern District of Pennsylvania, since inception. Serves as court-appointed mediator in resolving issues raised by adversary proceedings filed in bankruptcy cases.

Co-chair of Education Committee, Eastern District of Pennsylvania Bankruptcy Conference, 1991-1992.

Lecturer on mortgage foreclosure defense at National Consumer Law Center, National Consumer Specialist Conference, Berkeley CA, July 1986.

Lecturer, Pennsylvania Bar Institute course, "What Every Lawyer Needs to Know About Bankruptcy," February 1986.

**Litigation Decisions**

<u>Pennsylvania v. Davenport</u>, 495 U.S. 552 (1990) (Counsel of Record) (criminal restitution held to be a dischargeable debt in Chapter 13 bankruptcy).

Johnson v. Home State Bank, 501 U.S. 78 (1991) (Counsel of Record for Amicus Curiae) (Chapter 7 bankruptcy discharge does not preclude subsequent filing of Chapter 13 bankruptcy to provide for mortgage arrears).

Carroll v. United Compucred Collections, Inc., 399 F.3d 620 (6th Cir. 2005) (holding that Rule 68 offer of judgment cannot moot motion for class certification).

Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227 (3d Cir. 2005) (holding that debt collection law applies to collection of water/sewer bills).

Colbert v. Dymacol, Inc., 344 F.3d 334 (3d Cir. March 10, 2003) (*en banc* court vacated panel decision and held Rule 68 offer to class representative not appropriate).

Harris v. Green Tree Financial Corporation, 183 F.3d 173 (3d Cir. 1999) (legality of arbitration clause contained in consumer home improvement contract).

In re Lloyd Securities, Inc., 75 F.3d 853 (3d Cir. 1995) (successful defense against attorney fee claim in securities liquidation proceeding).

In re Colon, 941 F.2d 242 (3d Cir. 1991) (court order determining merits and awarding, but not quantifying, attorney fee was final, appealable decision).

Smith v. Fidelity Consumer Discount Company, 898 F.2d 896 (3d. Cir. 1990) (multi-plaintiff action under Truth in Lending Act).

Smith v. Fidelity Consumer Discount Company, 898 F. 2d 907 (3d Cir. 1990) (federal law preempts state usury law).

In re Szostek, 886 F. 2d 1405 (3d Cir. 1989) (creditor who fails to object to Chapter 13 bankruptcy plan bound by confirmation order).

Watts v. Pennsylvania Housing Finance Agency, 876 F.2d 1090 (3d Cir. 1989) (class action challenging state agency violation of bankruptcy code automatic stay provisions).

Whittaker v. Philadelphia Electric Company, 882 F.2d 791 (3d Cir.1989) (class action establishing right of bankruptcy debtors to restoration of electric service).

Crossley v. Lieberman, 868 F. 2d 566 (3d Cir. 1989) (award against attorney debt collector for violation of Fair Debt Collection Practices Act).

Abele v. Mid-Penn Consumer Discount Company, 77 B.R. 460 (E.D. Pa. 1987), aff'd 845 F.2d 1009 (3d. Cir. 1988) (Truth-in-Lending Act damages award for creditor's failure to rescind four mortgage transactions).

Washington v. Heckler, 756 F.2d 959 (3d. Cir. 1985) (established standard for award of attorney fees under Equal Access to Justice Act).

Perry v. FleetBoston Financial Corp., 2005 WL 1527694, *16 (E.D. Pa. June 28, 2005) (approval of class action settlement under Fair Credit Reporting Act).

Beck v. Maximus, Inc., 2005 WL 589749 (E.D. Pa. March 11, 2005) (granting class certification in action under Fair Debt Collection Practices Act).

Stoner v. CBA Information Services, 2005 WL 44519 (E.D. Pa. Jan. 7, 2005) (approval of class action settlement under FCRA).

Samuel-Bassett v. Kia Motors America, Inc., 212 F.R.D. 271 (E.D. Pa. 2002) (class of auto owners certified for claims arising from defective brake system), *vacated on other grounds*, 357 F.3d 392 (3d Cir. 2004); class again certified upon remand to state court, 2004 WL 2173324, 68 Pa. D. & C. 4th 270 (C.P. Phila. Nov. 10, 2004).

Orloff v Syndicated Office Systems, Inc., 2004 WL 870691 (E.D. Pa. April 22, 2004) (approval of class action settlement under FDCPA).

Petrolito v. Arrow Financial Services, LLC, 221 F.R.D. 303 (D. Conn. 2004) (certified class action under FDCPA and Connecticut state law)

Piper v. Portnoff Law Associates, Ltd., 262 F. Supp.2d 520 (E.D. Pa. 2003) (granting preliminary injunction against sheriff sale of class representative's home pending class action litigation under Fair Debt Collection Practices Act); 216 F.R.D. 325 (E.D. Pa. 2003) (certifying class action for federal and state law debt collection claims); 274 F.Supp.2d 681 (E.D. Pa. 2003) (granting summary judgment in favor of class).

Flores v. Shapiro & Kreisman, 246 F.Supp.2d 427 (E.D. Pa. 2002) (holding claim cognizable under Pennsylvania consumer protection law without need to allege elements of fraud).

Saunders v. Berks Credit and Collections, Inc., 2002 WL 1497374 (E.D. Pa. July 11, 2002) (approval of class action settlement against three debt collector defendants under Fair Debt Collection Practices Act).

Oslan v. Collection Bureau Hudson Valley, 206 F.R.D. 109 (E.D. Pa. Feb. 12, 2002) (certifying FDCPA class action under Rules 23(b)(2) and (3)).

Schilling v. Let's Talk Cellular and Wireless, Inc., 2002 WL 391695 (E.D. Pa. Feb. 6, 2002) (certifying nationwide class action under FDCPA).

Gary v. Goldman & Co., 180 F.Supp.2d 668 (E.D.Pa. 2002) (ruling that dishonored check is "debt" under FDCPA).

Greer v. Shapiro & Kreisman, 152 F. Supp.2d 679 (E.D. Pa. 2001) (denial of motion to dismiss class action under FDCPA).

Williams v. Empire Funding Corp., 183 F.R.D. 428 (E.D. Pa. 1998), 109 F.Supp.2d 352 (E.D. Pa. 2000) (class certified for residential mortgage rescission claim under Truth-in-Lending Act; class members entitled to exercise rescission rights).

Smith v. First Union Mortgage Corporation, 1999 WL 1081362 (E.D. Pa. Dec. 1, 1999) (court approval of class action settlement under FDCPA).

Newton v. United Companies Financial Corp., 24 F. Supp. 2d 444 (E.D. Pa. 1998) (judgment awarded for rescission of residential mortgages under Home Ownership and Equity Protection Act).

Miller v. Inovision, Dec. Term 1999, No.3504 (C.P. Phila. June 18, 2001) (national and Pennsylvania classes certified under federal and state debt collection laws).