| | |
|---|---|
| LUCIANO PETROLITO and<br>JOSEPH J. CRISCO,<br>on behalf of themselves and all<br>others similarly situated,<br><br>               Plaintiffs,<br><br>      v.<br><br>ARROW FINANCIAL SERVICES,<br>L.L.C.<br>               Defendant. | FILED<br><br>2005 JUL 28  A 10: 51<br><br>U.S. DISTRICT COURT<br><br>Case No. 3:02 CV 484 JCH (HBF) |

## FINAL JUDGMENT AND ORDER

AND NOW, this 28th day of July, 2005, upon consideration as to whether the proposed settlement of the above-referenced litigation (the "Litigation") should be finally approved, the parties having presented their Settlement Agreement to the Court and the Court having held a hearing on the fairness of the proposed settlement of the Litigation, at which objectors to the settlement could appear, and the Court being fully advised in the premises, the Court finds that:

        A.      Notice of the proposed settlement has been timely mailed to all residents of the State of Connecticut from whom, during the period from March 20, 1999 through March 31, 2005, Arrow Financial Services LLC ("Arrow") sought to collect a non-business debt which it purported to have purchased or received assignment of after the debt had been written off by the original holder, but not including such residents who have obtained a bankruptcy discharge of such debt or who are deceased (the "Class"). Such notice satisfies the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

B.      Three (3) Class members timely requested exclusion from the Class, and did not later revoke the request for exclusion. Their names and addresses are set forth in an attachment hereto. No Class members has objected to the settlement.

C.      The issues as to liability and remedies, if any, in the Litigation are issues as to which there are substantial grounds for difference of opinion, and the proposed settlement of the Litigation constitutes a resolution of those issues that is fair, reasonable and adequate to the members of the Class.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.      The Settlement Agreement submitted herein is approved as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the parties are directed to consummate such agreement in accordance with its terms. All terms defined in the Settlement Agreement have the same meanings when used herein.

2.      The Litigation is hereby dismissed, with prejudice and without costs, and all Class members who did not timely request exclusion shall be barred and enjoined from bringing any and all claims, actions and causes of action that were asserted in the Litigation by the Representative Plaintiffs and the Class, or that arise from the initiation, litigation or settlement of the Litigation or the administration of the Settlement, against (i) the Representative Plaintiffs; (ii) Arrow; (iii) their respective parents, partners, subsidiaries and affiliates; (iv) the partners, directors, officers, employees, agents, insurance carriers, successors and assigns, both past and present, of Arrow; and (v) any attorney for Arrow, the Representative Plaintiffs, their agents, employees, insurance carriers, successors and assigns. Notwithstanding, except for the claims asserted in the Litigation, a Class member may assert any other claim or defense in an effort to defeat any pending or future debt collection action (whether judicial or nonjudicial).

3.      Upon the Effective Date, Arrow, for itself, and on behalf of the Released Parties, shall be deemed to release and forever discharge the Representative Plaintiffs, the Class and their present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Litigation. Nothing in this release shall affect Arrow's rights with respect to the underlying debts of the members of the Class including, without limitation, the right to seek to collect the remaining balances on those debts.

4.      After the Effective Date, the Settlement Fund shall be closed and the proceeds paid to the Settlement Administrator to be distributed to Claiming Class Members in accordance with the Settlement Agreement. To the extent that any funds remain after distribution to Claiming Class Members, including funds covered by returned checks and checks not cashed within 90 days from mailing, such remaining funds shall be divided equally between the National Consumer Law Center and the National Association of Consumer Advocates as *cy pres* recipients. Under no circumstances shall any portion of the Settlement Fund revert to Arrow.

5.      Within forty-five (45) days following the Effective Date, Arrow shall take all steps necessary to permanently forgive a sum equal to twenty-five percent (25%) of the original account balance for the approximately 38,200 members of the Class who have not made a payment to Arrow on account of a debt at issue in the Litigation. Arrow shall confirm in writing to Class Counsel when it has done so.

6.      Within forty-five (45) days following the Effective Date, Arrow shall instruct each of the credit reporting agencies to whom it reported any of the collection accounts which are the subject of the Litigation to delete the accounts/tradelines from the Class members' credit

files

7.  The Representative Plaintiffs Luciano Petrolito and Joseph Crisco are each awarded the sum of Five Thousand Dollars ($5,000.00) in full settlement of their individual claims and in recognition of their services to the Class. Upon the Effective Date, Arrow shall pay such awards to the Representative Plaintiffs in care of their counsel, Joanne S. Faulkner, Esq.

8.  Following the Effective Date, Arrow shall close the accounts of the Representative Plaintiffs, and shall take no further collection action with respect to those accounts. Arrow shall not sell or assign such accounts to any other entity. Arrow shall instruct each of the credit reporting agencies to whom it reported the Representative Plaintiffs' collection accounts to delete the accounts/tradelines from their respective credit files

9.  Upon the Effective Date, Arrow shall pay Class Counsel's fair and reasonable fees and reimbursement of expenses in accordance with the terms of the Settlement Agreement. The award of such fees and expenses shall be made pursuant to a separate Order.

10. Consummation of the settlement shall proceed as described in the Settlement Agreement and the Court hereby retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order. The Court retains continuing jurisdiction for purposes of supervising the implementation of the Settlement Agreement and supervising the distribution and allocation of the Settlement Fund. Final judgment shall be entered as provided herein.

BY THE COURT:

_____
Janet C. Hall, U.S.D.J.